37853. WOLVERINE INSURANCE COMPANY *et al. v.*
LEACH.

DECIDED OCTOBER 28, 1959.

*John M. Williams,* for plaintiffs in error.

*Smith, Field, Doremus & Ringel, Charles L. Drew,* contra.

NICHOLS, Judge. 1. The evidence authorized a finding that the deceased died as a result of a compensable accident and, since no argument is made that this part of the award is not supported by the evidence, the details of such accident will not be dealt with here.

2. The real question as presented by the plaintiffs in error is: Does the record support a finding of fact that Helen Leach was the legal widow of the deceased employee, Otis Leach? In order to have a valid marriage there must be: "1. Parties able

to contract. 2. An actual contract. 3. Consummation according to law." Code § 53-101.

The contention of the plaintiffs in error is based on the first prerequisite shown above, the ability of the parties to contract, and no contention is made that a finding is not authorized by the evidence that the deceased and the claimant had entered into an actual contract which, though a common-law marriage, was consummated according to law if the parties were able to contract, and the sole contention as to why they were not able to contract a marriage is based on the contention that the deceased had a living spouse, not the claimant. Therefore, other grounds not raised by the record (e.g. age, nearness of relationship by blood or marriage, etc.), as to why persons are not able to contract a marriage will not be considered.

Gertrude Prichard Williams testified by deposition to the effect, among other things, that she had been the common-law wife of the deceased, that they were married at common law in 1928 and lived together until 1934 or 1935, that they said they were married in a church but they weren't, that she went by the name of Gertrude Leach during that time and had charge accounts at least two places under such name during such time, and that she had never divorced the deceased or received any papers in a divorce action. There were introduced in evidence pages from the Atlanta City Directory for the years 1933 and 1934 showing that Otis Leach had a wife named Gertrude.

A sister of the deceased testified to the effect that she and other members of her family considered Gertrude to be the wife of the deceased.

The above evidence is the evidence relied on by the insurer and employer to support the contention that the deceased was unable to contract a marriage with the claimant who purportedly was the common-law wife of the deceased from 1934 until his death in 1957. Looking first to the testimony of Gertrude Prichard Williams, it is apparent that she and the deceased were not attempting to hold themselves out to the world as man and wife by virtue of their decision to be man and wife for if this was so they would not have professed to have been married in a church, presumably under the sanction of a legal ceremony

performed by a minister, and such cohabitation could have been found by the full board to be originally a meretricious cohabitation and that such relationship continued until they ceased such cohabitation. See *Smith* v. *Reed,* 145 *Ga.* 724 (89 S. E. 815, L. R. A. 1917A 492); *Brown* v. *Sheridan,* 83 *Ga. App.* 725, 729 (64 S. E. 2d 636), and cases cited. If the parties involved in such meretricious cohabitation professed to have been married in a church this would account for the belief of the family of the deceased that they were husband and wife when in fact they were engaged in a meretricious cohabitation. With this view of the evidence as to the cohabitation of the deceased with Gertrude Prichard Williams the evidence did not demand a finding that the deceased was not able to contract a marriage with the claimant because of a previous undissolved marriage, and the pages from the city directories introduced in evidence would not demand a different result. The above finding by the full board is further strengthened by the evidence that both Gertrude Prichard Williams and Otis Leach later held themselves out to be the common-law spouses of others.

The next question presented is whether there was evidence to support a finding that there was a marriage between the deceased and the claimant which was undissolved at the time of the death of the deceased. It was undisputed that the relationship between the parties was not based upon a ceremonial marriage, the contention being that the marriage, if it existed, was a common-law marriage. The claimant testified that she and the deceased were partners in a common-law marriage, that they had lived together as husband and wife from 1934 until the death of the deceased in 1957, that she had used his name, and that while they had discussed a ceremonial marriage they had never consummated a ceremonial marriage. Other witnesses testified that the claimant was known to them as the wife of the deceased, and one witness testified that the claimant and the deceased had rented a room from her as Otis and Helen Leach. This evidence authorized the finding that the claimant and the deceased were partners in a common-law marriage and there was no evidence that such marriage was dissolved prior to the death of the deceased, and since the finding was authorized that the deceased

died as the result of a compensable accident the award of the full board was authorized by the evidence, and while a different result could have been reached under the evidence adduced, and while the State Board of Workmen's Compensation can not arbitrarily reject competent evidence (see *Cook* v. *Georgia Dept. of Revenue*, 100 *Ga. App.* 172, 110 S. E. 2d 552), where as here the award of the full board was authorized by the evidence and it does not appear that any evidence was not considered, the judgment of the superior court affirming such award must be affirmed.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*