40735.   JOHNSON v. NEW AMSTERDAM CASUALTY COMPANY et al.

JORDAN, Judge.   Ophelia Turner Johnson filed claim for workmen's compensation as the widow of the deceased employee. The hearing director found that the plaintiff and the deceased had been legally divorced in 1942, and that they had not thereafter entered into a valid common law marriage as contended by the plaintiff. Her claim was denied by the hearing director, and the award was affirmed by the Superior Court of Chatham County. The exception, based on the insufficiency of the evidence to support the findings of fact, is to that judgment. *Held:*

While the evidence in this case disclosed that the plaintiff and the decedent had lived together during intervals after their divorce in 1942, until December, 1961, a finding was authorized by the evidence, including the testimony of the plaintiff, that they did not at any time after the divorce enter into an express agreement to be husband and wife; and that they were engaged only in a meretricious cohabitation. *Wolverine Ins. Co. v. Leach,* 100 Ga. App. 570 (112 SE2d 10); *Peacock v. Peacock,* 196 Ga. 441 (26 SE2d 608).

The evidence and record in this case is quite voluminous and would require many pages to set forth the complicated marital and extra-marital situations in which the claimant and the

deceased were involved. This court has given full consideration to all facets of the record and the evidence and concludes that the hearing director was authorized to find that the plaintiff was not the legal widow of the deceased employee by virtue of a common law marriage; and that the superior court did not err in affirming the award denying compensation.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*

DECIDED JUNE 2, 1964.

*Joseph B. Bergen,* for plaintiff in error.

*Pierce, Ranitz & Lee, Dennis Pierce, James O. Creech,* contra.