19934. UNITED STATES CASUALTY COMPANY *et al. v.* BELL.

DECIDED MARCH 5, 1930.

*James N. Frazer, Colquitt & Conyers,* for plaintiffs in error. *Wright & Davis,* contra.

BLOODWORTH, J. The judgment from which plaintiff in error appealed is as follows: "I have carefully reviewed the entire

record, and I am of the opinion that the evidence authorized the finding and award of the industrial commission. Accordingly, the award and judgment of the industrial commission are affirmed." In *Maryland Casualty Co.* v. *England,* 160 *Ga.* 810 (129 S. E. 75), the 1st headnote is as follows: "Upon an appeal to the superior court from any final award or any other final decision of the industrial commission, the findings of fact made by the commission within its power are, in the absence of fraud, conclusive." In the opinion (p. 812), Justice Hines says: "The design of the workmen's compensation act is to furnish a speedy, inexpensive, and final settlement of the claim of injured employees. The act abhors and shuns protracted and complicated litigation over the facts of any case. Conners' Case, 121 Me. 37 (115 Atl. 520); *Gravitt* v. *Georgia Casualty Co.,* 158 *Ga.* 613, 616 (123 S. E. 897). For this reason the act makes the finding of the industrial commission upon the facts final and conclusive. The finding of that body upon the facts can not be reviewed in the superior court, if there is evidence to support its finding. Such finding can not be reviewed in the appellate court. The finality of a finding of the industrial commission upon the facts of a case is conclusive and binding upon all the courts." An examination of the evidence in the present case shows that there is evidence to support the finding of the industrial commission. The judge of the superior court did not err in his order affirming that finding, and under the foregoing ruling of the Supreme Court the finding can not be reviewed in the appellate courts.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

BROYLES, C. J., concurring specially. Under the law and the facts of the case, it is my opinion that the court did not err in affirming the award of the industrial commission.