21983. STANDARD ACCIDENT INSURANCE COMPANY *et al. v.* KIKER.

SUTTON, J. 1. The evidence in this case did not demand a finding that the deceased night-watchman killed himself.

2. Findings of fact made by the industrial commission, when authorized by any evidence, are binding upon the courts. *U. S. Casualty Co. v. Bell,* 41 *Ga. App.* 261 (152 S. E. 600).

3. Where a person is found dead, there is a strong presumption that his death was natural or accidental, and suicide will not be presumed from the fact of his death in an unknown manner by gunshot wounds. McClure *v.* New York Life Ins. Co., 50 Fed. (2d) 972; Kroph *v.* Michigan Bean Co., 211 Mich 454 (179 N. W. 276); Manziano *v.* Public Service Gas Co., 92 N. J. L. 322 (105 Atl. 484); Sparks Milling Co. *v.* Industrial Comm., 293 Ill. 350 (127 N. E. 737).

4. The presumption against suicide will stand and be decisive until overcome by testimony outweighing it. 14 R. C. L. 1237.

5. So where a night-watchman is found dead in a place where he might reasonably be expected to be in the performance of his duties, the natural presumption arises that his death arose out of and in the course of his employment. *American Mutual Liability Ins. Co. v. Hardy,* 36 *Ga. App.* 487 (137 S. E. 113); *New Amsterdam Casualty Co. v. Sumrell,* 30 *Ga. App.* 682 (2) (118 S. E. 786); Manziano *v.* Public Service Gas Co., supra.

6. Applying the above rulings, the court did not err in affirming the award of the industrial commission in favor of the claimant.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED SEPTEMBER 21, 1932. REHEARING DENIED OCTOBER 1, 1932.

*McDaniel, Neely & Marshall, Harry L. Greene,* for plaintiffs in error.

*Marvin G. Russell,* contra.