DECIDED MARCH 11, 1937.

*J. H. Paschall,* for plaintiffs in error.
*J. G. B. Erwin, J. M. Lang,* contra.

25881. PRUITT *v.* PROGRESSIVE LIFE INSURANCE CO.

DECIDED MARCH 12, 1937.

492

*James H. Dodgen, Carl N. & Frank T. Davie,* for plaintiff.
*Craighead & Craighead, Dwyer & Dwyer,* for defendant.

FELTON, J. (After stating the foregoing facts.) When the plaintiff showed that her husband's death was caused by a broken neck and back, a prima facie case of accidental death .was made out, especially in view of the presumption in favor of accidental death against suicide. The evidence of the defendant points solely to intentional death by drowning, and death while under the influence of intoxicants. While recognizing the undisputed rule of law, that where the uncontradicted evidence as to the physical facts and circumstances connected with the death of the insured demands a finding that the death was by suicide, the direction of a verdict is proper, we do not think the evidence in this case measures up to this standard. The only positive evidence as to the cause of death shows that it was not from drowning, as the defendant seeks to show by circumstantial evidence, and therefore was not produced in the way insured is claimed to have expressed his intention to destroy himself. The evidence is unquestionably conflicting as to whether the insured was under the influence of intoxicating liquor, as to whether he tried to swim out of the water, as to whether there had been any trouble between him and his wife, and as to whether he said he was going to drown himself. These conflicts, considered with the fact that the insured halloed after he got into the water, certainly take this case out of the category of those where the facts demand the finding of suicide. The defendant sought to overcome the proved fact of death by a broken neck and back by circumstantial evidence of intentional drowning; and since the evidence did not absolutely exclude every other reasonable hypothesis save intentional drowning, the jury should have been permitted to pass on the issues involved. *New York Life Insurance Co.* v. *King,* 28 *Ga. App.* 607 (112 S. E. 383); *Georgia Life Insurance Co.* v. *McCranie,* 12 *Ga. App.* 855 (78 S. E. 1115); *Mutual Life Insurance Co.* v. *Durden,* 9 *Ga. App.* 797 (72 S. E. 295); *Standard Accident Insurance Co.* v. *Kiker,* 45 *Ga. App.* 706 (165 S. E. 850). *Mutual Life Insurance Co.* v. *Burson,* 50 *Ga. App.* 859 (7, 8) 861 (179 S. E. 390); *Taylor v. State,* 44 *Ga. App.* 387 (161 S. E. 793); *Sovereign Camp Woodmen of the World* v. *Simmons,* 33 *Ga. App.* 566 (126 S. E. 891). The court erred in directing a verdict for the defendant insurance company.

*Judgment reversed. Stephens, P. J., concurs. Sutton, J., dissents.*

SUTTON, J., dissenting. The presumption of death by accident and against suicide is prima facie only, and such presumption can not prevail in the face of clear and positive evidence showing the cause of the death of the deceased to be that of self-destruction. I have carefully read and considered the evidence in the case at bar, and am of the opinion that it conclusively and inescapably shows self-destruction on the part of the insured. The evidence is fully set out in the statement preceding the majority opinion above, and it will only be necessary to refer to it in giving my view of the case. The plaintiff testified that she and her husband were working in a cotton mill at Porterdale, and were living at the hotel there; that on the third of April (which was Friday) he went to work at six o'clock and came back to the hotel at nine-thirty, and she asked him what he was doing back at that time, and he said he got off; that he then left about nine-thirty (the last time she saw him alive), and she was notified of his death about one o'clock on that day, but she did not see him until about ten o'clock on Saturday night, after they got him out of the water and brought him home; his neck and back were broken then; this was after they had embalmed him and brought him home. It will be seen from the evidence of the plaintiff that she did not know the cause of her husband's death, her statement in that respect being merely a conclusion. But all of the evidence in behalf of the defendant points to but one thing in connection with the death of the insured, and that is self-destruction. It shows his expressed intention of ending his life by drowning, and three eye-witnesses testified positively to his acts in putting this expressed intention into execution. He went to a bridge over a swollen stream (it had been raining for three weeks, and the river was up and very swift), and about the center of the bridge he met one of the witnesses who said: "Ain't the water swift?" He said: "Yes, I am going to try it out; I am going to drown myself. My wife don't love me, and I don't love her, and I am not going to live in all this misery I have been living in." The witness said he pulled off his shoes and coat and said: "I am going to jump in and drown myself." He then jumped off of the bridge into the swollen river, and was carried down the stream, and when

rescued therefrom was dead. Three witnesses were present on the bridge, and they testified as to his jumping into the river, and that it did not appear that he made any effort to extricate himself and keep from getting drowned; that he probably could not have gotten out had he tried to. One of the witnesses said he halloed, but that he did not hallo for help.

An examination of the evidence will show an expressed intention of the deceased to end his life by drowning, the positive testimony of three eye-witnesses to his acts in carrying out his expressed purpose and intention, and the facts and circumstances of his death; all of which, I think, point conclusively to suicide. I can not agree with my colleagues that there is a conflict in any material part of the evidence that would authorize or require the case to be submitted to a jury. It was said in *Gem City Life Insurance Co.* v. *Stripling,* 176 *Ga.* 288, 290 (168 S. E. 20): "The fact of suicide must be established by a preponderance of the evidence; but the presumption against it is not conclusive, and will vanish upon proof of physical facts clearly inconsistent therewith. If the evidence adduced is such as to leave room for no other reasonable inference than that of suicide, the jury can not lawfully return a verdict to the contrary. . . Under the facts of the present case all of the probabilities are one way, pointing to and consistent with the theory of suicide, and inconsistent with any other theory or hypothesis. Other explanations which may occur to the mind will not bear the test of reason and probability, and must be discarded as mere products of the imagination. Where all the testimony relating to a certain question excludes every reasonable inference but one, the issue is resolved into a question of law and may be determined by the court as such." And in *Pilot Life Insurance Co.* v. *Wise,* 48 *Ga. App.* 540 (173 S. E. 252), it was held: "There being no conflict in the evidence as to the physical facts connected with the death of the insured, and these facts, with all reasonable deductions and inferences therefrom, when taken in connection with his expressed purpose and intent to commit suicide, overcoming the presumption of law that he did not kill himself, or that his death was accidental, and demanding a finding that he came to his death by his own hand and intentionally, and the life-insurance contract sued upon containing the special provision that it should be void

in the event of the death of the insured by his own intentional act, sane or insane, within two years from the date of its issue, and it affirmatively appearing that the contract was issued within two years of his death, a verdict was demanded for the defendant." See also *N. Y. Life Ins. Co.* v. *King,* 28 *Ga. App.* 607, 612 (112 S. E. 383). "Where there is no conflict in the evidence, and that introduced, with all reasonable deductions or inferences therefrom, shall demand a particular verdict, the court may direct the jury to find for the party entitled thereto." Code, § 110-104. Therefore I think that the court properly directed the verdict for the defendant.