### 31812. TRAVELERS INSURANCE COMPANY et al. v. CURRY.

PARKER, J. 1. Upon a hearing before a single director of the State Board of Workmen's Compensation, on an application for compensation because of the death of the claimant's husband, a truck driver, the director did not err in denying compensation, where there was evidence to authorize findings that the deceased employee had been given three orders of merchandise to deliver to three of the employer's customers located in the northern section of the City of Augusta; that the deceased left the warehouse or plant of the employer, ostensibly to fulfill that mission, and did, in fact, make the deliveries as directed; that, although he should have been able to complete the deliveries to the customers and return to the warehouse within 45 minutes to one hour from the time of his departure, and was, in fact, expected by his employers to do so, he had not returned to the warehouse some two-and-one-half hours later; that, when located by the employer's agents, the deceased was beyond the southern limits of the city, and approximately five miles in the opposite direction from the employer's plant and the places at which the deliveries were made; and that he had run the truck of the employer into a large tree and in so doing had sustained injuries from which he died; that there was in the truck with the deceased another man, not an employee of the defendant; that a whisky bottle was found in the truck or at the scene of the injury, and the odor of whisky was strong on the breath of the deceased immediately after the injury. The director was authorized to find that the injury did not arise out of and in the course of the employment, and that there had been a departure from the scope of the employment such as would bar the recovery of compensation by the widow of the deceased (*Savannah Electric Co.* v. *Hodges,* 6 *Ga. App.* 470, 65 S. E. 322, *McIntire* v. *Hartfelder-Garbutt Co.,* 9 *Ga. App.* 327, 71 S. E. 492, *Powell* v. *Cortez,* 44 *Ga. App.* 205, 160 S. E. 698, *Selman* v. *Wallace,* 45 *Ga. App.* 688, 165 S. E. 851, *Dawson Chevrolet Co.* v. *Ford,* 47 *Ga. App.* 312, 170 S. E. 306, *United States Fidelity &c. Co.* v. *Skinner,* 188 *Ga.* 823, 5 S. E. 2d, 9), notwithstanding the fact that the injury occurred during the hours of work of the deceased and while he was driving the truck of the employer customarily driven by him; and in the absence of fraud, the superior court erred in sustaining the appeal and in reversing and setting aside the award of the director and of the full board. *Taylor* v. *Lumbermen's Mutual Cas. Co.,* 43 *Ga. App.* 292 (158 S. E. 623); *Home Indemnity Co.* v. *Googe,* 45 *Ga. App.* 302 (164 S. E. 479); *Milam* v. *Ford Motor Co.,* 61 *Ga. App.* 614 (7 S. E. 2d, 37); *Bituminous Casualty Corp.* v. *Jackson,* 68 *Ga. App.* 447 (23 S. E. 2d, 191).

2. If there was a presumption that the employee was within the scope of his employment, at the time of the injury, by reason of the fact that he was driving a truck of the employer, we think that it was overcome sufficiently by the evidence referred to above to authorize the finding of the director notwithstanding the presumption. We are not unaware of the rulings of this court in *American Mutual Liability Ins. Co. v. Hardy,* 36 *Ga. App.* 487 (137 S. E. 113), *Standard Accident Ins. Co. v. Kiker,* 45 *Ga. App.* 706 (165 S. E. 850), and *American Surety Co. v. Castleberry,* 57 *Ga. App.* 402 (195 S. E. 590), but we think that the facts in each of those cases distinguish them from the instant case.

*Judgment reversed. Sutton, C. J., and Felton, J., concur.*

DECIDED DECEMBER 3, 1947. REHEARING DENIED DECEMBER 17, 1947.

*Neely, Marshall & Greene,* for plaintiffs in error.
*Hammond & Kennedy,* contra.