36449. FRANCIS *et al. v.* LIBERTY MUTUAL INSURANCE CO. *et al.*

DECIDED FEBRUARY 26, 1957.

226

*Emory L. Rowland,* for plaintiffs in error.

*Mallory C. Atkinson, Anderson, Anderson, Walker & Reichert,* contra.

FELTON, C. J. It is too well settled to require citation that the burden of proof is on the claimants to prove that the accident arose out of and in the course of employment.

The defendants admit that the death occurred in the course of employment but deny that the death arose out of the employment. "The terms 'in the course of' and 'out of' are not synonymous. Both must concur to render the case a compensable one." *Maryland Casualty Co.* v. *Peek,* 36 *Ga. App.* 557, 559 (137 S. E. 121); *Hartford Accident &c. Co.* v. *Cox,* 61 *Ga. App.* 420, 422 (6 S. E. 2d 189). "The words 'arising out of' mean that there must be some causal connection between the conditions under which the employee worked and the injury which he received. The causative danger must be incidental to the character of the

employment, and not independent of the relation of master and servant. The accident must be one resulting from a risk reasonably incident to the employment." *Thornton* v. *Hartford Accident &c. Co.,* 198 *Ga.* 786, 792 (32 S. E. 2d 816)

The plaintiffs in error contend that since the deceased was killed at a place where he might reasonably be expected to be in the performance of his employment duties, the presumption arises that his death arose out of and in the course of his employment. See *Standard Accident Ins Co.* v. *Kiker,* 45 *Ga. App.* 706 (165 S. E. 850). Whether in such a case a "presumption" actually arises or the evidence merely authorizes the fact finder's inference to such effect, the "presumption" disappears or the inference is not authorized where evidence to the contrary is introduced (*Travelers Ins. Co.* v. *Curry,* 76 *Ga. App.* 312, 45 S. E. 2d 453; *Aetna Casualty &c. Co.* v. *Fulmer,* 81 *Ga. App.* 97, 101, 57 S. E. 2d 865), or where facts appear which refute or which are irreconcilable with the "presumption" or inference, as in this case.

For the injury or death to be compensable, the employment must be a contributing proximate cause. *Hughes* v. *Hartford Accident &c. Co.,* 76 *Ga. App.* 785, 789 (47 S. E. 2d 143) and citations. "It [the accident] 'arises out of' the employment, when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work, and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment. But it excludes an injury which can not fairly be traced to the employment as a contributing proximate cause, and which comes from a hazard to which the workmen would have been equally exposed apart from the employment. The causative danger must be peculiar to the work. . . It must be incidental to the character of the business, and not independent of the relation of master and servant." *Fried* v. *United States Fidelity &c. Co.,* 192 *Ga.* 492, 495 (15 S. E. 2d 704).

In a case involving the "presumption" or permissive inference theory, the Supreme Court in *Ladson Motor Co.* v. *Croft*, 212 *Ga.* 275, 277 (92 S. E. 2d 103) said, "Nor are there any circumstances from which an inference might be drawn, either that he was performing any duty of a watchman on the premises of his employer, or that he was murdered because of anything that he was doing in behalf of his employer at the time. An inference can just as readily be drawn that he was murdered only for reasons personal to himself and to the assailant, as that he was murdered on account of his work as an employee. Facts which are consistent with either of two opposing theories prove nothing. So, where the evidence tends equally to sustain two inconsistent propositions, neither can be said to have been established by legitimate proof. . . The burden was upon the claimant to show that the death of the deceased occurred at a place where he might reasonably have been in the performance of his duties, and while he was fulfilling his duties or was engaged in doing something incidental thereto, and that his employment was a contributing proximate cause. *Hughes* v. *Hartford Indemnity Co.*, 76 *Ga. App.* 785 (1) (47 S. E. 2d 143). Even if it should be assumed in this case that the deceased was at a place where he reasonably might have been in the performance of his duties, and while doing something incidental to such performance, there is no evidence that his employment was a contributing proximate cause of his death. Whether his death resulted from some matter incidental to his employment, or for reasons personal, or by reason of revenge, is wholly a matter of speculation and conjecture."

In the instant case it does not appear that there existed a causal connection between the employment and the shooting and that the deceased was killed while exposed to a hazard or risk reasonably incident to his employment. A theory that the deceased could have been shot incident to a robbery attempt for the contents of his employer's mail is not feasible because the deceased was shot just as he stepped into the post office from the street and *before* he had picked up his employer's mail.

Code (Ann.) § 114-102 provides: " 'Injury' and 'personal injury' shall mean only injury by accident arising out of and in the course of the employment and shall not, except as hereinafter

provided, include a disease in any form except where it results naturally and unavoidably from the accident, nor shall 'injury' and 'personal injury' include injury caused by the wilful act of a third person directed against an employee for reasons personal to such employee."

It is just as consistent that the deceased was shot for reasons personal to himself and his assailant as it is that he was shot on account of his duties as an employee.

The court did not err in reversing the award of compensation.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*