37637. WILLIAMS *et al. v.* MARYLAND CASUALTY COMPANY *et al.*

DECIDED APRIL 23, 1959—REHEARING DENIED MAY 6, 1959.

490

*Leggett & Leggett, Robert E. Steele, Jr., Louis M. Tatham, R. A. Whitsett,* for plaintiffs in error.

*Smith, Field, Doremus & Ringel, Herbert A. Ringel,* contra.

GARDNER, Presiding Judge. Code (Ann.) § 114-102 reads: " 'Injury' and 'personal injury' shall mean only injury by accident arising out of and in the course of the employment and shall not, except as hereinafter provided, include a disease in any form except where it results naturally and unavoidably from the accident, nor shall 'injury' and 'personal injury' include injury caused by the wilful act of a third person directed against an employee for reasons personal to such employee."

The law is that an injury arises in the course of employment when it occurs within a period of employment at a place where the employee may reasonably be expected to be, in performance of his duties, and while engaged in performing same or in doing something incidental thereto. *Employers Liability Assurance Corp.* v. *Montgomery,* 45 *Ga. App.* 634 (165 S. E. 903); *Bibb Mfg. Co.* v. *Alford,* 51 *Ga. App.* 237 (179 S. E. 912). Of course in a claim for compensation, under the compensation laws of this State, the burden is on the claimants to show that the injury to the employee was the direct result of injury caused by accident or that the injury to such employee arose both out of and in the course of his employment. See *Home Accident Ins. Co.* v. *Gilliard,* 43 *Ga. App.* 208 (158 S. E. 359); *Fulton Bag & Cotton Mills* v. *Haynie,* 43 *Ga. App.* 579 (159 S. E. 781). In *Standard Accident Ins. Co.* v. *Kiker,* 45 *Ga. App.* 706 (165 S. E. 850), it was ruled that where an employee was found dead in a place where he might reasonably be expected to be in the performance of his duties, the natural presumption arises that the death of such employee arose out of and in the course of his employment. Several cases were cited by this court for the above statement and ruling.

As stated in *Maryland Cas. Co.* v. *Peek,* 36 *Ga. App.* 557 (137 S. E. 121), and *Hartford Accident &c. Co.* v. *Cox,* 61 *Ga. App.* 420 (6 S. E. 2d 189) the words "arising out of" and "in the course of" employment are not synonymous, and the words "arising out of employment" mean there must be some causal connection between the conditions under which the employee worked and the injury which he received. It was held in *Federal Ins. Co.* v. *Coram,* 95 *Ga. App.* 622 (98 S. E. 2d 214), that: "Where the claimant was injured while proceeding from her immediate work area on the employer's premises to another part of the employer's premises where she was furnished parking facilities by the employer, a finding that the accident arose out of and in the course of employment was authorized," even though she may have been negligent when she stepped off a gravel walkway to take a short cut to her destination, and was on the way home from her work.

The burden was on the claimant in the present case to show

that the death of the deceased employee occurred at a place where he might reasonably have been expected to be in the performance of his duties, and while he was fulfilling his duties or was engaged in doing something incidental thereto, and that his employment was the contributing proximate cause thereof. See authorities cited in *Ladson Motor Co.* v. *Croft*, 212 *Ga.* 275, 277 (92 S. E. 2d 103).

Williams, the deceased employee, was discovered in a fatally injured condition beside the swimming pool on the premises of his employer, Holiday Inn of Macon, Inc., and it does not appear that Williams in being at such location on the premises of his employer was not in the line of his duty and in the performance thereof, where the night clerk of the motel, which employed Williams, had sent him on an errand. It has been frequently ruled by this court that where an accidental injury occurs to an employee which is not explained, same constitutes an accidental compensable injury. *Brown* v. *Lumbermen's Mutual Cas. Co.,* 49 *Ga. App.* 99 (174 S. E. 359).

An accident arises out of the employment of the employee under the workmen's compensation laws of this State when the same arises because of it, as when the employment is the contributing cause thereof. See *Bibb Mfg. Co.* v. *Alford,* 51 *Ga. App.* 237, supra.

An employee is entitled to compensation for injuries received in an accident arising out of and in the course of employment, that is for such occurrences as might have been reasonably contemplated by the employer, as a risk incidental to the nature of the employment or such as could be seen to have had its origin in a risk connected with the business of the employer, and to have arisen out of and flowed from that source as a natural consequence. See *Keen* v. *New Amsterdam Cas. Co.,* 34 *Ga. App.* 257 (2) (129 S. E. 174).

Taking into consideration the authorities above cited and the facts of the present case, the single director erred in finding that as a matter of law the deceased employee, Charles Williams, did not meet his death by reason of an injury or accident occurring in the course of his employment or out of his employment and it was consequently erroneous for the full board, on appeal, to

affirm such award and finding. Therefore, the Superior Court of Bibb County erred in affirming the award adversely to the claimants and in holding that the State Board of Workmen's Compensation correctly so determined.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*