38055.  HARTFORD ACCIDENT & INDEMNITY COMPANY *et al. v.* COX.

DECIDED MAY 13, 1960—REHEARING DENIED JUNE 9, 1960.

*Smith, Gardner, Kelley & Wiggins, B. C. Gardner, Jr.,* for plaintiffs in error.

*Frank S. Twitty,* contra.

BELL, Judge. For a claimant to be entitled to compensation under Code (Ann.) § 114-102 of the Workmen's Compensation Act, the party must show that the employee's death resulted from an accident arising out of and in the course of his employment. However, the accident cannot be a wilful act of a third person directed against the employee for reasons personal to such employee. The terms "arising out of" and "in the course

of" are not synonymous. The latter term refers to time, place, and circumstances under which the accident took place, while an accident "arises out of employment" when it is apparent to the rational mind, upon consideration of all the circumstances, that there is a causal connection between the conditions under which the work is required to be performed and the resulting injury. *New Amsterdam Cas. Co.* v. *Sumrell*, 30 *Ga. App.* 682 (118 S. E. 786).

A defense is provided for the employer if such injury or death resulted from the employee's wilful misconduct growing out of his attempt to injure another, but the employer must carry the burden of proof to establish this defense. Code § 114-105.

Where an employee is found dead in a place where he might reasonably be expected to be in the performance of his duties, the natural presumption arises that his death arose out of and in the course of his employment. *Standard Accident Ins. Co.* v. *Kiker*, 45 *Ga. App.* 706 (165 S. E. 850); *Williams* v. *Maryland Cas. Co.*, 99 *Ga. App.* 489 (109 S. E. 2d 325).

Where there is some evidence to support the findings of fact of the Workmen's Compensation Board, such findings are conclusive on the reviewing court, in absence of fraud. Code § 114-710; *London Guarantee &c. Co.* v. *Herndon*, 81 *Ga. App.* 178 (58 S. E. 2d 510); *Employers Ins. Co. of Ala.* v. *Bass*, 81 *Ga. App.* 306 (58 S. E. 2d 516).

The defense advanced two arguments which would deny compensation to the claimant. (1) The deceased employee made a wilful attack on Sam Nixon which would be a defense under Code § 114-105, and, (2) even though the deceased employee was in the course of his employment, the injury did not arise out of his employment.

As to the first contention, there is little evidence to show misconduct on the part of the employee, and some evidence to sustain the contrary. The board was justified in finding that the defense had failed to carry the burden of proof.

Turning to the second contention, there is no dispute that the deceased employee was in the course of doing his work when the injury occurred. It is strenuously contended, however, that it did not "arise out of the employment." However, the facts

shown were sufficient to raise the presumption that the death of such employee arose out of and in the course of his employment. *Standard Accident Ins. Co. v. Kiker*, 45 *Ga. App.* 706, supra. This presumption may be rebutted by showing that the injury resulted from wilful misconduct or was not otherwise within the provisions of the Workmen's Compensation Act. *Williams* v. *Maryland Cas. Co.*, 99 *Ga. App.* 489, supra.

Whether any claimed assault was personal to the employee, in which event compensation would be denied, or involved some facet connected with the deceased's employment, in which event compensation would be allowed, is a matter of conjecture because no persuasive evidence was adduced at the hearing to substantiate either contention. Both inferences are consistent with the evidence. If the conclusion is reached that death resulted from an assault, such conclusion of fact would not, ipso facto, be tantamount to a finding that the injury did not arise out of the employment. "It is now well settled that the fact that the injury is the result of the wilful or criminal assault of a third person does not prevent the injury from being accidental within the meaning of the Workmen's Compensation Acts." *Pinkerton Nat. Detective Agency* v. *Walker*, 157 *Ga.* 548 (122 S. E. 202). Additional facts must be shown from the surrounding circumstances to determine whether or not the assault arose out of the employment.

Where there is indecisive evidence to establish either contention, the decision should be against the party who has the burden of proof. Ordinarily, the burden is on the claimant to show that the injury or death arose out of and in the course of employment. *Roberts* v. *Lockheed Aircraft Corp.*, 93 *Ga. App.* 440 (92 S. E. 2d 51). However, where an employee is discovered in a place where he might reasonably be expected to be in the performance of his duties, the natural presumption arises that his death arose out of and in the course of his employment. *Standard Accident Ins. Co.* v. *Kiker*, 45 *Ga. App.* 706, supra; *Williams* v. *Maryland Cas. Co.*, 99 *Ga. App.* 489, supra. With the presumption raised, the claimant made a prima facie case, and the burden was placed on the defense to overcome the presumption.

Counsel for the defense relies strongly on the holding of *Francis* v. *Liberty Mutual Insurance Co.*, 95 *Ga. App.* 225 (97 S. E. 2d 553) and *Ladson Motor Co.* v. *Croft,* 212 *Ga.* 275 (92 S. E. 2d 103). After careful analysis of the two cases, we are constrained to the view that evidence must be introduced to show that the death did not arise out of the employment to overcome the presumption. The *Croft* case is not authority for the instant case; it held that the employee was not "in the course of his employment." Further, it specifically states (p. 277) that "no such presumption arises in this case, because the undisputed evidence shows that, at the time the employee met his death, *he was not on the premises of his employer, nor in a place where he may reasonably have been expected to be in the performance of his duties.*" (Italics ours). A finding that the employee was on the premises of his employer, or in a place where he may have been expected to be in the performance of his duties, is a prerequisite to raising the presumption; hence, no presumption was raised in the *Croft* case. The claimant in that case still had the burden of proof to show that the injury arose out of the employment, while in the instant case a natural presumption arose to satisfy this requirement, and unless evidence was introduced to satisfactorily rebut the presumption, the accident must be presumed to have arisen out of the employment.

In the *Francis* case the employee was shot as he entered a post office. One of the employee's duties was to pick up the mail on his way to work and he was furnished an automobile for this purpose by his employer. The court stated (p. 227) that the presumption disappears "where evidence to the contrary is introduced . . . or where facts appear which refute or which are irreconcilable with the 'presumption' or inference, as in this case." The court further held that there was an inference that the employee was killed for reasons personal to such employee and this could be raised as consistently as the inference that the employee was shot because of his employment. But this is true in every case where an employee is found dead where he might reasonably be expected in the performance of his duties and there is evidence of an assault. Once this presumption has been properly raised in the claimant's favor, to require

the claimant to show further that the employment was a contributing proximate cause, viz., to require the claimant to prove that the death "arose out of the employment" as is required in the *Francis* case, is directly in conflict with *Standard Accident Ins. Co.* v. *Kiker,* 45 *Ga. App.* 706, supra, and *Williams* v. *Maryland Casualty Co.,* 99 *Ga. App.* 489, supra, and we specifically overrule *Francis* v. *Liberty Mutual Insurance Co.,* 95 *Ga. App.* 225, supra. A mere inference is not sufficient to overcome the presumption but competent evidence must be adduced at the hearing to overcome it which is contrary or irreconcilable with it. See *Travelers Ins. Co.* v. *Curry,* 76 *Ga. App.* 312 (45 S. E. 2d 453). There was not sufficient competent evidence introduced in the instant case.

Whether or not the presumption was rebutted is a question of fact. The majority of the board found that the death of deceased employee arose out of and in the course of his employment. As there was no evidence to demand, as a matter of law, that the defense had overcome the presumption, this court must affirm the findings of the majority of the board.

*Judgment affirmed. Townsend, Carlisle, Nichols and Frankum, JJ., concur. Felton, C. J., dissents. Gardner, P. J., disqualified.*

FELTON, Chief Judge, dissenting. I think that the award by a majority of the board and the ruling of a majority of this court are based on false premises and are contrary to rulings by this court and the Supreme Court which are controlling.

The majorities of the board and of this court overlook the fact that the very tenuous presumption that an employee's accidental death is prima facie presumed to have arisen out of his employment from the naked fact that he is found dead at a place where he might be expected to be vanishes when evidence is introduced into the case which would defeat the presumption. The burden of proof, to be distinguished from the burden of proceeding with evidence, is on the claimant to prove that the death occurred in the course of and out of the employment. When sufficient evidence is introduced to nullify the presumption above mentioned the claimant must go forward with the original burden and produce other evidence to show that the accident is compensable if the employer has not done so and

the necessary facts have not come from cross-examination or elsewhere. In this case the facts surrounding the death dissolved the presumption. Facts which make the question whether the death arose out of the employment problematical and conjectural are sufficient to eradicate the presumption. *Francis* v. *Liberty Mutual Ins. Co.*, 95 *Ga. App.* 225 (97 S. E. 2d 553); *Ladson Motor Co.* v. *Croft*, 212 *Ga.* 275 (92 S. E. 2d 103). This is made crystal clear by the statement in the *Croft* case: "Even if it should be assumed in this case that the deceased was at a place where he reasonably might have been in the performance of his duties, and while doing something incidental to such performance, there is no evidence that his employment was a contributing proximate cause of his death. Whether his death resulted from some matter incidental to his employment, or for reasons personal, or by reason of revenge, is wholly a matter of speculation and conjecture." If the burden of proof had been on the employer in the *Croft* case to show that the death was due to revenge or reasons personal to the employee, etc., the ruling would have been different. The majority opinion in this case admits expressly that the evidence is inconclusive as to whether the employee was engaged in his employment or anything incidental to his employment at the time of his death. That admission alone destroys the validity of the conclusion reached. The majority is correct in that admission because there is not competent evidence in the case to authorize a finding that the employee was engaged in his employment or anything incidental thereto at the time of his death which the evidence showed was by felonious assault by a third person. The majority has substituted, or retained, the vanished presumption to supply the basis for finding that the death arose out of employment, which is unsound as shown by the cases above cited. The majority treats the matter of the death's being due to the acts of a third party by reason of something personal to the employee as being *an exception* and *an affirmative defense* by the employer just as the defense of wilful misconduct by the employee. This hypothesis by the majority is also wrong, as shown by the two cases above cited. There was no evidence in the case sufficient to show that the employee was en-

gaged in his employment or anything incident thereto at the time he was killed. Since the evidence is inconclusive as to whether the death was compensable or whether it was caused by a third person for reasons personal to the employee the claimant did not make out her case, and the board erred in holding the death compensable.