40585. PAN AMERICAN FIRE & CASUALTY COMPANY et al. v. COTHRAN.

DECIDED MARCH 11, 1964.

*Woodruff, Savell, Lane & Williams, John M. Williams*, for plaintiffs in error.

*Smith, Ringel, Martin, Ansley & Carr, Charles L. Drew*, contra.

FELTON, Chief Judge. This is an appeal from a superior court

judgment affirming an award of the State Board of Workmen's Compensation in favor of the claimant. The evidence adduced at the hearing consisted entirely of the testimony of claimant, which was substantially as follows: Claimant was employed by defendant Suburban L-P Gas Company, Inc. as the driver and operator of the defendant's truck, which was used for hauling propane gas. Claimant had been instructed by his employer to keep the truck at claimant's house, to look after it and take care of it. Claimant made deliveries from his house in the truck and was subject to call at his home by defendant on a 24-hour-a-day, seven-days-a-week service-call basis. Due to the inherently dangerous nature of the propane gas, claimant customarily parked the truck on a hill behind his house, as far removed from access and proximity to the public as possible, his house being in a fairly thickly populated area. On February 24, 1962, claimant returned to his house in the truck and found that the only access to his customary parking place was blocked by his pickup truck, which was being used by his sons and sons-in-law in the construction of a platform for loading cattle. Claimant injured his back in throwing aside an approximately 16-18 foot long 2 x 4, which was in the back of the pickup truck and which would have fallen off had the truck been moved while it was in it. Claimant immediately notified his employer of the accident and, although he attempted several times to carry on the regular duties of his job, his disability finally resulted in his discharge from employment on September 16, 1962.

The only issue argued by the plaintiff in error, the employer, is that the evidence does not support the board's finding that the accident arose out of and in the course of claimant's employment. It is well settled that the findings of fact in an award, supported by any evidence, are, in the absence of fraud, conclusive on the reviewing court. *Code Ann.* § 114-710, and cases annotated under catchwords, "Conclusiveness of findings." There being no question of fraud here, the board's finding is conclusive if supported by the facts. The undisputed evidence showed that the claimant was not only permitted, but specifically required, by his employer to keep the truck at his house, and, further, he was charged with the responsibility of looking

after it and taking care of it. This responsibility entailed not only protecting the truck from damage but also protecting the employer from liability for damage caused by the negligent operation of, or even the mere presence of, the truck. The claimant testified that on weekends there were frequently children around his house and that the place at which he parked the truck was good because it was located away from the house and the children and any possible interference with the truck. In addition to his obligation to his employer, the claimant had a duty imposed by law to exercise due care to prevent injury and damage caused by the inflammable gas under his control. *Bray v. Atlanta Gas Light Co.*, 46 Ga. App. 629 (1) (168 SE 96) and citations. The act of parking the truck in a safe place, then, was, under the circumstances, an incident of the claimant's employment. It logically follows that whatever was reasonably necessary in order to accomplish that act was likewise incidental to the employment. Although the evidence did not show that the route the claimant used to get to the parking area was the only possible route, or even that the parking area he used was the only suitable area available, it was nevertheless sufficient to show that he was acting in the interest of his employer in attempting to put the truck in a safe place, and doing what he considered reasonably necessary to the accomplishment of that end.

Accordingly, the superior court did not err in its judgment affirming the board's award in favor of the claimant.

*Judgment affirmed. Frankum and Pannell, JJ., concur.*