### 41621. SEABOARD AIR LINE RAILROAD COMPANY v. HAUPT, Administratrix.

FRANKUM, Judge. The judgment appealed from overruled the defendant's general and special demurrers to the plaintiff's petition seeking to recover under the Federal Employers' Liability Act on account of the death of her husband, Lewis Haupt, hereinafter referred to as Haupt. It appears from the allegations of the petition that Haupt was a yard conductor working in the defendant's switchyard in Savannah and engaged in making up freight trains. On the morning in question, July 5, 1964, at approximately 7 a.m., he and other employees were making up a train consisting of 107 cars located on track No. 23; the train extended a great distance in a northerly direction from the point where Haupt was working, and between that point and the engine was located a very high mound of dirt. Because of this it was

necessary for Haupt to climb upon a car of a train standing on the adjacent track (No. 24) in order that his signals to the engineer might be seen and relayed to the engineer by the switchmen working with him. While he was on the aforesaid car in the performance of his duties the car was caused to be moved suddenly and without warning, throwing him to the ground and causing his death. The defendant railroad is alleged to have been negligent in failing to provide the decedent with a safe place to work; in failing to warn the decedent that the train upon which he was standing was to be moved, when his presence thereon was known to the defendant or should have been known to the defendant in the exercise of ordinary care, and in causing said train to be moved suddenly without first ascertaining that it was safe to do so.

1. This case being one under the Federal Employers' Liability Act and seeking the enforcement of a federally granted right, the petition is not subject to the rule of strict construction applied in the enforcement of state created rights, but must be given a reasonable construction. Brown v. Western R. of Alabama, 338 U.S. 294 (70 SC 105, 94 LE 100). While the Act is not a compensation law and makes a railroad responsible for the death or injury to an employee only where it is shown to have been negligent (45 U.S.C. § 51; Chicago & N.W. R. Co. v. Rieger, 326 F2d 329) under the first rule of law announced, if the petition alleges negligent acts on the part of the defendant as constituting the proximate cause of the death or injury to the employee, the case should not be withdrawn from the jury merely because it appears that the employee's own negligence in some way contributed to his injury or death. 45 U.S.C. § 53; Southern R. Co. v. Cabe, 109 Ga. App. 432, 436 (136 SE2d 438); Carter v. Atlanta & St. Andrews R. Co., 338 U.S. 430 (70 SC 226, 94 LE 236). Such a construction of the petition merely raises the issue of comparative negligence and does not authorize the withdrawal of the case from the jury unless it affirmatively appears that the employee's negligence was the sole proximate cause of his injury or death. In other cases under the comparative negligence rule applicable the question of whether the employee's negligence preponderated over that of the defendant is a jury question. Norfolk & Western R. Co. v. Earnest, 229 U.S. 114 (33 SC 654, 57 LE 1096); Zappia v. Baltimore

& Ohio R. Co., 312 F2d 62. It cannot be said as a matter of law that the petition in this case affirmatively showed that Haupt's negligence, if any, was the sole proximate cause of his death, or that the petition failed to state a cause of action.

2. The other errors enumerated relate to the overruling of three special grounds of demurrer. It sufficiently appears from the petition that the reason why it was necessary for Haupt to climb upon the car in question was to enable those with whom he was working to see the signals which he was transmitting. It is alleged that the mound of dirt was of such height that it obstructed Haupt's view of the engineer. This allegation is sufficiently definite to inform the defendant in all material respects as to the plaintiff's contention as to the height of the mound of dirt, and it is not necessary for the plaintiff to allege the exact height of the mound of dirt. The final ground of special demurrer, the overruling of which is complained of here, complains because the petition does not allege the distance between Haupt and his switchmen. This fact, as are the facts called for in the other grounds of demurrer above referred to, is a matter as well within the knowledge of the defendant as within the knowledge of the plaintiff. It would serve no useful purpose to require the plaintiff to allege this fact or to state her contentions with respect thereto, and the trial court did not err in overruling these grounds of special demurrer.

*Judgment affirmed. Bell, P. J., and Hall, J., concur.*

ARGUED NOVEMBER 4, 1965—DECIDED JANUARY 21, 1966— REHEARING DENIED FEBRUARY 2, 1966-

*Connerat, Dunn, Hunter, Houlihan & Maclean, Malcolm Maclean,* for appellant.

*Sullivan, Herndon & Smith, John J. Sullivan,* for appellee.