44824. TRAVELERS INSURANCE COMPANY et al. v. DAVIS et al.

PANNELL, Judge. The deceased, an employee of a radio station, was found dead at his place of work at a time when he was supposed to be there and after he had started the early morning program of the station, which was to have been done by another employee who failed to show up for work, and the doing of which necessarily interfered with the deceased's preparation of his program of news to follow, which preparation was usually done at this time. The evi-

dence authorized a finding that the deceased was of a disposition and personality likely to become upset under the circumstances, but there was no evidence otherwise that he did become upset, other than the fact that, in the opinion of his attending physician, he died from a heart attack, which opinion was based upon a history of heart trouble and the deceased's sudden death, and a further opinion that becoming upset could cause a heart attack in one suffering from the deceased's condition. There was no autopsy. There was also evidence from which it could be inferred that, because he had performed the duties of the absent employee, some additional slight physical exertion was necessary. There was also medical testimony that, due to his heart condition, the deceased could have died of an attack even though not upset or engaged in the physical exertion required by his employment. The Board of Workmen's Compensation denied the deceased's widow's application for death and funeral benefits and, upon appeal to the superior court, the judge of that court reversed and remanded it to the Board of Workmen's Compensation on the theory that the evidence demanded a finding for the claimant. The employer and insurance carrier appealed to this court. *Held:*

1. "An injury arises 'in the course of employment,' within the meaning of the workmen's compensation act, when it occurs within the period of the employment, at a place where the employee reasonably may be in the performance of his duties, and while he is fulfilling those duties or engaged in doing something incidental thereto. . . An accident arises 'out of' the employment when it arises because of it, as when the employment is a contributing proximate cause. This and the condition stated above must concur before the act can apply." *New Amsterdam Casualty Co. v. Sumrell,* 30 Ga. App. 682 (2) (118 SE 786).

2. While it is true that where an employee is found dead in a place where he might reasonably be expected to be in the performance of his duties the natural presumption arises that his death arose out of and in the course of his employment (*Standard Acc. Ins. Co. v. Kiker,* 45 Ga. App. 706 (165 SE 850); *Williams v. Maryland Cas. Co.,* 99 Ga. App. 489 (109 SE2d 325); *Hartford Acc. &c. Co. v. Cox,* 101 Ga. App. 789, 792 (115 SE2d 452)), yet where, as here, there was no direct proof that the death was caused by an accidental injury

which arose out of the deceased's employment, that is, that there was a causal connection between the conditions under which the work was required to be performed and the resulting injury and no direct evidence that he was upset or engaging in unusual physical exertion in performing the duties of his employment, but on the contrary there is evidence that the death from the heart attack could have occurred without any such causal connection, we cannot under these circumstances say the presumption was not rebutted and that thus the evidence demanded a finding the deceased died of a heart attack caused by either the physical exertion or the emotional factors arising out of and in the course of his employment. It follows, therefore, that the judge of the superior court erred in remanding the case to the Board of Workmen's Compensation and in holding that the evidence demanded a finding in favor of the claimant.

*Judgment reversed. Quillian, J., concurs. Hall, P. J., concurs in the judgment.*

ARGUED OCTOBER 8, 1969—DECIDED NOVEMBER 10, 1969.

*Young, Young & Ellerbee, F. Thomas Young,* for appellants. *Alexander, Vann & Lilly, Frank T. Holt, Roy M. Lilly,* for appellees.