### 45323. HOME INDEMNITY COMPANY et al. v. FLOYD et al.

Hall, Presiding Judge. The employer and the insurer appeal from a judgment of the superior court affirming an award made by the State Board of Workmen's Compensation.

Claimants are the widow and minor child of the deceased employee, Aaron Floyd, who was a caretaker and maintenance man for a girls' camp. At about 10 a.m. of December 14, 1968, he was found by his wife lying on the floor of a lumber storage building. He died before reaching the hospital. The cause of death was listed on the death certificate as respiratory arrest secondary to myocardial infarction. Floyd had been hospitalized from November 18-22 for a probable coronary insufficiency, had rested at home for a few days and had then resumed his usual work around the camp. There was no direct evidence on what he was doing when he had his fatal attack, but there was testimony that he had left home to go to work at about 9 a.m.; that a saw was in a board in the room where he was found and there were several sawed boards close by; and that his

body was lying with the head toward the saw and the feet directly away.

In a hearing before the deputy director, Floyd's attending physician, Doctor Graves, testified in response to a hypothetical question that the myocardial infarction was attributable to the performance of this work. A heart specialist, Dr. Massee, testified that he did not believe Floyd's activities had anything to do with his attack, but they could have, and Dr. Graves would be in a better position to know.

The deputy director found "that the immediate precipitating cause of injury was over-exertion caused by work that he had been doing that morning which is inferred from the facts and circumstances surrounding the death of the deceased." Upon review, the State Board affirmed the award of the deputy director and adopted his findings of fact.

1. Appellants contend there is insufficient competent evidence to support the award—that the *only* evidence in the case which could support the award is the testimony of Dr. Graves and that because of the form of the hypothetical question put to him, his testimony is neither competent nor sufficient. The question was as follows: "Q. Dr. Graves, assuming that in the three or four months prior to December 14th, 1968, Mr. Floyd had performed work which consisted of tearing down an old frame building, storing the used lumber from the torn down building, building a porch on a summer cabin, installing roofing on some cabins and had also prior to 10 o'clock a.m. on Saturday, December 14th, 1968, been engaged in sawing wood in the preparation for making sawhorses, and that he was doing this sawing at the time of his attack; based upon this activity and based upon your experience as a medical doctor, your examination and treatment of Aaron Floyd from the period November 18th, 1968, through November 22nd, 1968, and upon your examination of him at the Stephens County Hospital on December 14, 1968, in your opinion was the myocardial infarction attributable to the performance of this work? A. Yes." Appellants argue that the last phrase, "this work," refers to all the work Floyd had performed over a three to four-month period, and therefore the doctor's answer would necessarily mean that

the cause of the injury was all the work, rather than only the work of December 14th. Since the board's award is predicated entirely upon the work supposedly performed on the morning of December 14th, they contend there is no competent evidence for this finding.

While the interpretation placed upon this phrase by appellants is grammatically possible, nothing in the record indicates that Dr. Graves, the lawyers present, the deputy director, the board or the superior court considered that "this work" meant anything but the sawing of wood on the morning of Floyd's death. However, even if we accept appellants' interpretation, we fail to see the difficulty. All the work listed in the question was within the course of Floyd's employment and if the doctor meant to say (which we doubt) that the cumulative exertion precipitated the fatal attack, the board would be authorized to find the injury compensable.

2 Appellants contend the board acted in excess of its powers by assuming from unspecified circumstances not in evidence that Floyd had been engaged in exertion that morning which caused the fatal attack. They further contend that any presumption that the injury arose from the course of employment (because the body was found at his place of work) was not only rebutted by Dr. Massee's testimony, but under *Travelers Ins. Co. v. Davis,* 120 Ga. App. 625 (171 SE2d 909) the presumption alone would be insufficient for recovery without *direct evidence* that the deceased was engaged in unusual physical exertion.

First of all, the circumstances from which the board inferred the morning's work of sawing wood were in evidence. Appellants' main objection seems to be that all the circumstances were not listed in the award and a specific finding set out that Floyd was sawing. This is not necessary. *Employers Liab. Assur. Corp. v. Montgomery,* 45 Ga. App. 634 (165 SE 903).

Further, the *Davis* case does not hold that direct evidence of exertion is required for recovery. It holds that without such evidence or other direct proof of causation, a court may not hold that a claimant is entitled to benefits *as a matter of law* in the face of an adverse finding by the board. Here we have the reverse situation, and the issue is whether there was any evi-

dence upon which the board, as the trior of facts, could base its findings and award. There was such evidence, even though circumstantial.

3. Appellants appear to be chiefly concerned with the extension of workman's compensation benefits to heart attack cases. They stress that heart attacks are the number one cause of death for middle-aged men, that there are wide differences of medical opinion concerning the cause of attacks, and that to award compensation in this area is to convert an industrial injury benefits plan into life insurance or charity. These points may be well taken, but they are not properly addressed to this court. In 1962, this court expressed similar policy considerations in *United States Cas. Co. v. Thomas,* 106 Ga. App. 441 (127 SE2d 169). The judgment was reversed by the Supreme Court which stated that a heart attack caused by exertion on the job has been uniformly recognized as an accident arising out of the course of employment within the meaning of *Code Ann.* § 114-102, and held that where there is any evidence (there was only lay evidence on causation; all the medical evidence was contra) it is a question of fact for the determination of the board. *Thomas v. United States Cas. Co.,* 218 Ga. 493 (128 SE2d 749).

4. All appellants' other contentions are without merit.

*Judgment affirmed. Deen and Evans, JJ, concur.*

Submitted May 6, 1970—Decided May 27, 1970—Rehearing denied June 25, 1970.

*Swift, Currie, McGhee & Hiers, James B. Hiers, Jr.,* for appellants.

*McClure, Ramsey & Struble, George B. Ramsay, Jr.,* for appellees.