## 47731. TRAVELERS INSURANCE COMPANY et al. v. HALL.

CLARK, Judge.  This appeal by an employer and its insurance carrier in a workmen's compensation case contends the employee failed to meet the jurisdictional requirement of filing his claim within one year after the accident.

The record discloses the first notice came to the State Board of Workmen's Compensation in the form of a lengthy letter from the employee's attorney dated September 4, 1970. The official board stamp thereon shows receipt on September 5, 1970. The letter gives a chronological history of the employee's injuries beginning with an accident occurring November 10, 1968, for which employee lost no time from employment and then deals specifically with an accident which the letter says occurred September 3, 1969. A hearing was scheduled as requested. At its commencement before the single director the attorney for the employer-insurer moved for dismissal by reason of the notification letter of September 4 received on September 5 being beyond the twelve-month bar. Employee's attorney requested a postponement on the basis of being confident that another lawyer with whom he was associated had previously made a timely report. Such postponement was granted to enable a search to be made of that attorney's files as well as the board's records. As nothing was found, the dismissal motion was renewed at the rescheduled hearing. This was then taken under advisement and a full scale hearing held.

The single director filed his findings of fact and applicable law conclusions. He denied any award stating the expiration of the statutory period of twelve months expired prior to the September 4 letter's

receipt which constituted the filing of the claim on September 5. The full board concurred upon review, but upon employee's appeal the superior court remanded the claim to the Workmen's Compensation Board. This judgment from which this appeal has been taken found "there is no sufficient, competent evidence in the record to warrant" the finding and in setting it aside ordered the board to take "additional evidence to determine whether or not the injury for which claimant claims disability was in fact manifested prior to September 26, 1969." That date was after the employee's hospitalization and apparently was selected because the doctor had on that day informed the employee he would not be able to work thereafter. Employee testified he in fact returned to work on November 10 but his employment ended on November 19, 1969, when his job was terminated. *Held:*

1. "The right to compensation under this Title shall be forever barred unless a claim is filed with the State Board of Workmen's Compensation within one year after the accident, ... " Code § 114-305. "The board has no jurisdiction of the matter until the claim is filed, and no compensation can be granted on a claim filed after expiration of the year. [Cits.]" *Hartford Accident &c. Co. v. Snyder,* 126 Ga. App. 31, 36 (189 SE2d 919). "Where the accident causing the alleged injury occurred January 28, 1963, and the employee's claim for compensation was received and filed by the board January 28, 1964, it was not timely filed." *Benefield v. Harriett & Henderson Cotton Mills,* 113 Ga. App. 66 (1b) (149 SE2d 196). "[T]he delivery of a letter containing written notice of a claimant's claim for compensation to the United States mail for a delivery to the board, does not constitute the filing of such claim with the board. The claim cannot be considered as filed with the board until it is actually received by the board or by some proper officer thereof to be kept on file."

*Chevrolet Parts Division, General Motors Corp. v. Harrell,* 100 Ga. App. 280 (4) (111 SE2d 104). The claim here dated September 4, 1970, was not filed until September 5, 1970; therefore, more than a year had passed since the accident of September 3, 1969.

2. Claimant's attorney contends that the shoulder condition is an "aggravation of a pre-existing infirmity," and is therefore compensable. *Thomas v. Ford Motor Co.,* 123 Ga. App. 512, 514 (181 SE2d 874). However, in those cases, the claimant timely reported the injury to his employer, and while continuing to work, such continued working aggravated the pre-existing condition and produced a disability which amounts to a new injury by accident. *Thomas v. Ford Motor Co.,* supra; *National Union Fire Ins. Co. v. Johnston,* 122 Ga. App. 332 (177 SE2d 125); *Pacific Employers Ins. Co. v. Ivey,* 118 Ga. App. 299 (163 SE2d 435); *Noles v. Aragon Mills,* 114 Ga. App. 130 (150 SE2d 305); *Aetna Casualty &c. Co. v. Cagle,* 106 Ga. App. 440 (126 SE2d 907) and cits. Under these particular circumstances, the court reasoned that "To hold otherwise would penalize the claimant for attempting to continue working even though hurt to some extent. The record here amply shows that the employer had full knowledge of the . . . [original] condition from its first occurrence."*Aetna Casualty &c. Co. v. Cagle,* supra.

Claimant in the instant case did not make a timely report of his injury to his employer. His absence from employment from September 5, 1969 to November 10, 1969 was due to hospitalization in regard to another unrelated incident. The record shows his discharge was not due to this inability to work but by reason of a cut-back of personnel by the employer. Therefore, claimant has not offered evidence showing that he has fully complied with the board's rules and timely filed a report with his employer or that his shoulder

disability is an aggravation of the original injury. "The burden of proof is on the claimant to show that his injury is compensable. [Cit.]" *Employers Mut. &c. Ins. Co. v. Anderson,* 96 Ga. App. 509 (2) (100 SE2d 611):

3. "It is well settled that the findings of fact in an award, supported by any evidence, are, in the absence of fraud, conclusive on the reviewing court. Code Ann. § 114-710, and cases annotated under catchwords, 'Conclusiveness of findings.' There being no question of fraud here, the board's finding is conclusive if supported by the facts." *Pan American Fire &c. Co. v. Cothran,* 109 Ga. App. 332, 333 (136 SE2d 163). As no proof of aggravation was shown, the board found that there was no new injury. See *Benefield v. Harriett & Henderson Cotton Mills,* 113 Ga. App. 556 (2), supra.

*Judgment reversed. Hall, P. J., and Evans, J., concur.*

Argued January 5, 1973 — Decided February 5, 1973.

*Young, Young & Ellerbee, O. Wayne Ellerbee,* for appellants.

*John S. Boswell, Sr.,* for appellee.