## 48679. EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY et al. v. ROSENFELD.

EVANS, Judge. This is a workmen's compensation case. Bernard Rosenfeld was secretary-treasurer of a corporation whose steel plant was located in a high crime area of Atlanta. Rosenfeld often worked on the corporation's books on Saturday, although the corporation was not open for business on Saturday. He drove a car owned by the corporation. On this particular Saturday, about 2:00 p. m., he was found dead in this automobile. He had been shot and the car had crashed into a utility pole about three blocks (930 feet) from the steel plant. It was determined that his death resulted from a wound in the chest, caused by the firing of a bullet from a small caliber pistol. No bullet marks were found on or in the car, although one window was broken. Fifteen pieces of the corporation's out-going mail were found in the car. Rosenfeld usually mailed such letters at the post office, and also carried the corporation's petty cash on his person. The petty cash was missing, as was Rosenfeld's wrist watch.

It was shown that earlier his car had been parked at the steel plant. It was also shown that four teen-agers were seen running from the steel plant between 12:00 noon and 2:00 p. m., one of whom was carrying a gun. Later, a known criminal, who lived near the plant, was found dead from a .22 caliber bullet wound in the right temple. A .22 caliber pistol was lying near the right hand of the deceased criminal. A ballistics expert testified that Rosenfeld and the criminal were both killed with this weapon. A medical expert testified that under all the facts and circumstances of the case, Rosenfeld, after being shot, would have been able to drive from the steel plant to the place where he was found dead, and that the bullet did not cause instant death.

The parties stipulated at the hearing before the deputy director that the deceased was in the general employment of the company, which was subject to the Workmen's Compensation Act; the board had jurisdiction, and if benefits were granted, "they would be the maximum." But despite this, the deputy director made a finding of fact that the corporate officer did not work as an employee in the usual business, and denied compensation. On appeal to the board, the deputy was reversed, and a finding of fact was made that when an employee is found dead in a place where he may be reasonably presumed to be in

the course of his employment, the presumption arises that his death arose out of and in the course of his employment. The board also found that evidence, much of which was circumstantial, indicated that Rosenfeld's death arose out of and in the course of his employment, and the presumption that his death arose out of and in the course of his employment was not overcome by any evidence. Compensation was awarded to the widow, the superior court affirmed, and the insurer and employer appeal. *Held:*

1. Under the workmen's compensation law, injury shall mean by accident arising out of and in the course of the employment. Code Ann. § 114-102. When the injury arises because of "a risk incidental to the nature of the employment or such as could be seen to have its origin in a risk connected with the business of the employer, and to have arisen out of and flowed from that source as a natural consequence," it arises out of and in the course of the employment. *Williams v. Maryland Cas. Co.,* 99 Ga. App. 489, 492 (109 SE2d 325). See also *Hartford Acc. & Indemnity Co. v. Cox,* 101 Ga. App. 789 (115 SE2d 452), reversing *Francis v. Liberty Mutual Ins. Co.,* 95 Ga. App. 225 (97 SE2d 553); and *United States Cas. Co. v. Russell,* 98 Ga. App. 181 (105 SE2d 378).

2. When the activity in which an employee was engaged at time of his death was in the interest of his employer, and was reasonably incident to his regular work, the employment was a contributory cause of death. *Cabin Crafts, Inc. v. Pelfrey,* 119 Ga. App. 809 (168 SE2d 660).

3. Circumstantial evidence may be utilized in workmen's compensation cases. *Aetna Cas. & Surety Co. v. Watson,* 91 Ga. App. 657 (3) (86 SE2d 656); *Sixth Street Corp. v. Daniel,* 80 Ga. App. 680, 684 (57 SE2d 210); *Old Colony Ins. Co. v. Dressel,* 220 Ga. 354, 358 (138 SE2d 886); *Parker v. Dailey,* 226 Ga. 643 (177 SE2d 44); *Home Indemnity Co. v. Floyd,* 122 Ga. App. 87 (176 SE2d 269).

4. The evidence was sufficient to support the findings and the award by the board. This is conclusive on a reviewing court. *Pan American Fire &c. Co. v. Cothran,* 109 Ga. App. 332-333 (136 SE2d 163); *Travelers Ins. Co. v. Hall,* 128 Ga. App. 71, 74 (195 SE2d 679).

*Judgment affirmed. Hall, P. J., and Clark, J., concur.*

Argued October 4, 1973 — Decided November 16, 1973.

*George W. Mullins, Jr.,* for appellants.
*Brackett, Arnall & Stephens, H. P. Arnall,* for appellee.