## 54454. INTERNATIONAL PAPER COMPANY v. GILBOURN.

SHULMAN, Judge.

This appeal is from a judgment of the superior court affirming an award of death benefits in favor of the claimant by the State Board of Workmen's Compensation. We affirm.

1. In a series of related enumerations, appellant challenges the award on the grounds that the appellee-claimant failed to prove the cause of the employee's death and that there is no evidence which would authorize a conclusion that employment was a contributing cause of death.

The evidence showed that claimant's husband performed services as an employee in connection with the operation of appellant's experimental farm. This employment resulted in the employee's occasional exposure to insecticides and pesticides. On the day before his death, claimant's husband moved about ten bags containing ten per cent methyl parathion, an organic phosphorus which is poisonous to humans if ingested or inhaled and which is absorbed by the body if touched.

Appellee's husband was found unconscious in an office. He was on the floor, shaking, glassy-eyed, and foaming at the mouth. He never regained consciousness and died shortly after being discovered. An open bag of ten per cent parathion was found near the office.

An expert witness testified that loss of strength and stumbling, unconsciousness, glassy eyes and excessive salivation are symptoms of parathion poisoning. The

expert was unable to determine the cause of death. A state toxicologist's report which was admitted in evidence without objection revealed "[n]o significant levels of parathion" but did note that "specimens do contain an unidentified organic phosphorus compound ... possibly ... a decomposed product of a common pesticide."

Appellant emphatically urges that reversal is required because appellee failed to carry the burden of proving cause of death. It urges that the state toxicologist's report showing "[n]o significant levels of parathion" and uncontradicted testimony from the sole medical expert that claimant's cause of death could not be medically determined were sufficient to rebut any presumption of compensability arising from claimant's unexplained death. Without the aid of this presumption, argues appellant, appellee's case must fail because evidence is lacking which would establish a causal connection between claimant's death and his employment.

2. " 'The burden of proof in a workmen's compensation case is upon the claimant to show that the employee suffered an accidental injury which arose out of and in the course of his employment. *Harper v. National Traffic Guard Co.,* 73 Ga. App. 385 (2) (36 SE2d 842); *Hughes v. Hartford Acc. &c. Co.,* 76 Ga. App. 785, 789 (47 SE2d 143); *Wilcox v. Shepherd Lumber Corp.,* 80 Ga. App. 71, 73 (1) (55 SE2d 382).' *City of Pembroke v. Jones,* 109 Ga. App. 296 (136 SE2d 139). The employee is aided in his burden by the well-established presumption stated in the board's decision that when an employee is found dead in a place where he might reasonably have been expected to be in the performance of his duties, it is presumed that the death arose out of his employment. *Standard Accident Ins. Co. v. Kiker,* 45 Ga. App. 706 (5) (165 SE 850) and cases cited therein." *General Acc. Fire &c. Ins. Co. v. Sturgis,* 136 Ga. App. 260, 263 (221 SE2d 51).

Here the evidence presented that showed "no significant levels of parathion" in body tissue and that the cause of death was medically undetermined would have authorized a finding that claimant did not die from parathion poisoning. However, this alone was not sufficient to rebut the general presumption. See *General Acc. Fire &c. Ins. Co. v. Sturgis,* supra (pathologist's

statement that there could have been other causes of disease not sufficient to rebut presumption, record barren of any evidence of what might have precipitated disease). Evidence which merely tends to negate what is the suspected cause of an unexplained death which does not affirmatively establish an alternate noncompensable explanation for the injury does not rebut the general presumption. See *Sturgis,* supra. Cf. *Hartford Acc. &c. Co. v. Cox,* 101 Ga. App. 789 (115 SE2d 452) reversing *Francis v. Liberty Mut. Ins. Co.,* 95 Ga. App. 225 (97 SE2d 553) (a mere inference is not sufficient to overcome presumption; competent evidence must be adduced at hearing which is contrary and irreconcilable with presumption); *Aetna Cas. &c. Co. v. Fulmer,* 81 Ga. App. 97 (57 SE2d 865) (presumption disappears upon introduction of evidence to contrary; uncontradicted evidence showed that employee died while engaged in personal activity not incidental to employment); *Travelers Ins. Co. v. Curry,* 76 Ga. App. 312 (2) (45 SE2d 453) (presumption overcome by evidence that employee had been drinking).

Under the evidence here, the presumption was left standing. Accordingly, the injury was compensable.

3. Even if we were to hold that the presumption was rebutted, there was sufficient evidence to authorize a finding of death from parathion poisoning. Testimony established that claimant had been handling bags containing parathion, that his work entailed coming in contact with the chemical and that the symptoms exhibited by decedent were characteristic of parathion poisoning. That no significant levels of parathion were found in body tissue samples of the decedent does not mean that appellee failed to carry her burden of proving cause of death. See *Word v. Henderson,* 110 Ga. App. 780, 782 (140 SE2d 92) reversed on other grounds, 220 Ga. 846 (142 SE2d 244) (no Demerol in body tissue, cannot say as a matter of law that Demerol did not cause death).

*Judgment affirmed. Quillian, P. J., and Banke, J., concur.*

ARGUED SEPTEMBER 15, 1977 — DECIDED OCTOBER 12, 1977 — REHEARING DENIED DECEMBER 1, 1977 —

*Conger & Conger, J. Willis Conger,* for appellant.
*Bruce W. Kirbo,* for appellee.