37774. COOK *v.* GEORGIA DEPARTMENT OF REVENUE.

DECIDED SEPTEMBER 14, 1959.

*Byrd & Quillian, J. Kelley Quillian, Dan Fears,* for plaintiff in error.

*Eugene Cook, Attorney-General, John L. York, Assistant Attorney-General,* contra.

NICHOLS, Judge. The uncontradicted evidence on the hearing showed that the claimant's husband died as the result of a coronary occlusion, that he had been an employee of the Georgia Department of Revenue as an enforcement officer and was such an employee at the time of his death, that he had worked until the wee hours of the morning on October 5, 1957, that he got up on this morning at about 6 or 6:30, ate a normal breakfast, got in his automobile at about 7:30 and drove about twelve miles, from his home to the police station in Butler, Georgia, parked his autombile and walked to the police station to meet his partner, that after waiting for his partner a few minutes he informed the chief of police that he wasn't feeling good and was going to sit in his automobile, that about 5 minutes later he stuck his head out of his car door and asked the police chief to tell his partner that he was sick and was going home, and that after receiving medical attention at intervals during the remainder of the day he died as a result of the coronary occlusion.

The single director found that the initial attack occurred while the deceased was in the police station in Butler, Georgia, and that no medical opinion evidence was presented that the exertion on the part of the deceased was a contributing factor in such attack because: "All [medical] testimony elicited on that point was based upon facts given to the doctors which included references to the initial attack having been suffered between the employee's home and Butler, Georgia."

It is well settled that where there is competent evidence to authorize an award of the State Board of Workmen's Compensation though such award is based on an erroneous theory it will not be set aside. See *American Mut. Liability Ins. Co.* v. *Sisson,* 198 *Ga.* 623 (32 S. E. 2d 295); *Skinner Poultry Co.* v. *Mapp,* 98 *Ga. App.* 772, 774 (106 S. E. 2d 825). However, it is equally as well settled that such board cannot arbitrarily reject evidence, for as was said in *American Casualty Co.* v. *Wilson,* 99 *Ga. App.* 219, 221 (108 2d 137): "It [The State

Board of Workmen's Compensation] can no more enter an award arrived at arbitrarily and without regard for the rules of evidence than it can enter an award unsupported by evidence—for of what value is competent evidence if it appears from the face of the record that the director gave it no more weight than other evidence which he should not have considered, or that he in fact refused evidence which he should have considered and which might reasonably have affected the result? A hearing under such circumstances could not result in a basis for judicial review, but would amount to no more than a town meeting."

The single director in his findings of fact and award, later adopted on review by the full board, found that the deceased suffered the heart attack while in the police station in Butler in the course of his employment as an enforcement officer for the Department of Revenue, and that such attack resulted in his death, but denied compensation because there was no *testimony* [medical] that the exertion performed by the deceased in the course of his employment, in driving his automobile, etc., contributed to such attack since all the questions answered by the medical witnesses were based on the premise that the first attack occurred while the deceased was driving his automobile to the police station in Butler.

The evidence authorized the finding that the heart attack occurred after the deceased arrived at the police station and it authorized a finding that the attack was not the result of any exertion, but the finding that there was *no testimony* that exertion caused the attack in the police station was not authorized in view of the testimony of Dr. Charles R. F. Beall who answered a hypothetical question based on the assumption that the attack occurred, as the board found, in the police station, and which testimony was to the effect that it was such physician's opinion that the exertion performed by the deceased in the course of his employment, driving his automobile, etc., was the cause of the attack which proved to be fatal. Therefore, it must be held that the single director, and later on appeal the full board, arbitrarily rejected such testimony. Accordingly, the judgment of the Superior Court of Taylor County affirming the award must be reversed with direction that such claim be

remanded to the State Board of Workmen's Compensation for further consideration in accordance with this opinion.

*Judgment reversed with direction. Felton, C.J., and Carlisle, J., concur. Quillian, J., disqualified.*