## 38995. HARDWARE MUTUAL CASUALTY COMPANY *et al.* v. KING.

DECIDED JULY 14, 1961—REHEARING DENIED JULY 27, 1961.

*Sanders Marshall, Edgar Neely, Greene, Neely, Buckley & DeRieux*, for plaintiffs in error.

*Richard D. Carr*, contra.

TOWNSEND, Presiding Judge. 1. The claimant, in a workmen's compensation case must always carry the burden of showing that death resulted from an accident arising out of and in the course of the employment. *Fulton Bag &c. Mills v. Haynie,* 43 Ga. App. 579 (159 SE 781); *Banks v. Ellijay Lumber Co.,* 59 Ga. App. 270 (200 SE 480); *Travelers Ins. Co. v. Faulkner,* 63 Ga. App. 438 (11 SE2d 367); *Ralph v. Great American Indem. Co.,* 70 Ga. App. 115 (27 SE2d 756); *Aetna Cas. &c. Co. v. Honea,* 71 Ga. App. 569 (31 SE2d 421); *Gay v. Aetna Cas. &c. Co.,* 72 Ga. App. 122 (33 SE2d 109); *Clark v. Fitzgerald Mills Corp.,* 80 Ga. App. 312 (55 SE2d 762); *Smith v. U.S. Fidelity &c. Co.,* 94 Ga. App. 507 (95 SE2d 35).

2. It has frequently been stated that where an employee is found dead in a place where he might reasonably be expected to be in the performance of his duties, the natural presumption arises that his death arose out of and in the course of his employment. *Hartford Accident &c. Co. v. Cox,* 101 Ga. App. 789 (115 SE2d 452); *Williams v. Maryland Cas. Co.,* 99 Ga. App. 489 (109 SE2d 325); *Fulmer v. Aetna Cas. &c. Co.,* 85 Ga. App. 102 (68 SE2d 180); *Aetna Cas. &c. Co. v. Fulmer,* 81 Ga. App. 97 (57 SE2d 865); *Standard Accident Ins. Co. v. Kiker,* 45 Ga. App. 706 (165 SE 850). In all such cases the cause of death is known and it appears that the death was accidental and not due to natural causes disassociated from the employment.

3. Where, however, there is no evidence establishing the cause of death, there are no marks of violence on the body, and it is just as reasonable to presume that the death resulted from natural causes not associated with the employment as from a cause or causes to which the employment contributed, then the claimant has failed to carry the burden of proving that the employee met his death as the result of an accident arising out of the employment. *Shelby Mut. Cas. Co. v. Huff,* 87 Ga. App. 463 (74 SE2d 251); *Horner v. Hartford Accident &c. Co.,* 92 Ga. App. 569 (2) (89 SE2d 212).

4. We make no decision in this case as to whether the evidence is sufficient generally to sustain an award on the theory that the claimant died of a heart attack of which his employment was a contributing proximate cause for the reason that the director

hearing the case himself rejected this theory on the ground that he was unable to decide from the evidence adduced whether such fact existed or not, and further specifically found that the cause of death was unknown. The case must be reversed because decided on an erroneous legal theory, that is, that in such event the presumption referred to above was sufficient to carry the burden of proof.

The judgment of the Judge of the Superior Court of Fulton County is reversed and the case remanded to the Board of Workmen's Compensation with direction that a new award be entered, giving effect to all the medical and other evidence in the record, and that the board may hear additional evidence in its discretion.

*Judgment reversed with direction. Frankum and Jordan, JJ., concur.*