## 54172. HARTFORD ACCIDENT & INDEMNITY COMPANY et al. v. TRIGG.

Bell, Chief Judge:
This case involves an appeal from a judgment affirming an award granting workmen's compensation to the claimant widow. On April 9, 1975, claimant's husband was employed as an insurance salesman. On this date he telephoned his supervisor at about 4 p.m. and advised he had two prospects to see in Smyrna, Georgia about 7:30 p. m. and discussed insurance rates. Later, he told claimant and a guest that he had to see two prospects in Smyrna and left home about 8 p.m. dressed in business attire. It normally would take about 20 minutes to get to Smyrna. About 9 p.m., at a gas station about 6 miles from his home, the deceased had a 5 gallon gas can filled. He then placed it on the front seat of his car. About 3 minutes later his car was discovered stopped on a street with the interior burning. A police officer testified that a tree nearby had been burned, debris was in the area of the car and the "glasses had been blown out of the car." There was no evidence of a collision. The Fulton County deputy medical examiner gave the opinion that the cause of death was smoke inhalation and thermal burns. The 5 gallon gasoline can was found on the front floor of the car on the passenger's side. Deceased was a nonsmoker. His car was pointing toward Smyrna when discovered burning. Deceased had been treated in 1971 at Grady and Emory Hospitals for mental problems during which periods he had revealed suicidal tendencies and had threatened

"self-immolation." He resumed having emotional problems in 1974, and had started seeing a psychologist in January, 1975 for mental problems. In 1974, he had financial reverses which led to his petitioning for bankruptcy. Since his employment with Equitable on February 1, 1975, Mr. Triggs had only sold one policy and that to himself for $75,000 about two weeks before his death. His commissions were supposed to equal his $800 a month salary the first three months or his employment would probably terminate.

The administrative law judge found that deceased burned to death as a result of an explosion and fire in his car; that there was no possible relationship between the deceased's driving to Smyrna to call on prospective clients and the purchase of five gallons of gasoline in a can and hauling it in the front seat; that the explosion of the can of gas was not a circumstance of deceased's employment; that while the deceased was "allegedly" in the course of his employment at the time, his death did not arise out of his employment and his employment did not contribute to his death. An award of compensation was accordingly denied.

A majority of the full board adopted those findings "except as inconsistent with the following: . . . . c. Since deceased had appointments in Smyrna and was found between his home and Smyrna headed in that direction, he was found dead or dying at a place where he could reasonably be expected to be in the performance of the duties of his employment. d. Based on all the evidence presented, a majority of the Board is unable to find any other explanation for claimant to be where he was when he met his death. e. Notwithstanding the permissible inference that the fire was caused by explosion of the can of gasoline, a majority of the Board does not infer that the explosion of the gasoline can was the cause of death." The majority then concluded as a matter of law that: "If a person is found dead or dying in a place where he could reasonably be expected to be in the performance of his duties, a natural presumption arises that the death arose out of and in the course of the employment. *General Accident &c. Ins. Co. v. Sturgis,* 136 Ga. App. 260. If the presumption is unrebutted, the death is compensable. The

presumption was not rebutted in this case." *Held:*

The presumption in which the majority of the board engaged in awarding compensation arises only where death is unexplained. *Smith v. Liberty Mut. Ins. Co.,* 111 Ga. App. 616 (142 SE2d 459). The evidence is undisputed and demands the finding that the deceased died by burning caused by an explosion of the gasoline can in his automobile. Thus the death was not unexplained and the board decided this case on an erroneous legal theory by applying this presumption. Secondly, the board's finding that it "does not infer that the explosion of the gasoline can was the cause of death," is without evidence to support it. All the evidence is to the contrary. This finding would require the arbitrary rejection of undisputed and unimpeached evidence. This cannot be done by the board. *Cook v. Ga. Dept. of Revenue,* 100 Ga. App. 172 (110 SE2d 552). We reverse with direction to the superior court to remand this case to the board for proceedings consistent with this opinion.

*Judgment reversed with direction. Webb, Smith, Shulman, Banke and Birdsong, JJ., concur. Deen, P. J., and McMurray, J., dissent. Quillian, P. J., not participating.*

ARGUED JUNE 27, 1977 — DECIDED NOVEMBER 7, 1977 — REHEARING DENIED NOVEMBER 22, 1977 —

*Richard W. Best, Clifton Woodson,* for appellants.
*Nick Long,* for appellee.

McMURRAY, Judge, dissenting.

This case involves the claim of a widow for workmen's compensation by reason of the death of her husband, an insurance salesman who was in the performance of his company's duties when he was burned to death in his automobile. The decedent had left home in the evening to contact prospective buyers of insurance. Thereafter, he stopped at a service station and purchased five gallons of gasoline in a can which was placed in the front of the car on the passenger side. Shortly thereafter he was found in the burning automobile with the

headlights on under very mysterious circumstances. The vehicle had not collided with another automobile but there had been a fire. The cause of death was smoke inhalation, inhalation of carbon monoxide, thermal burns and inhalation of soot. One of the first persons on the scene testified that when he arrived the victim's vehicle was on fire with him in it, with the headlights on and flames coming out of the car on the driver's side through the partly opened driver's door; that he attempted to get in the car to get the victim out; that since the other three doors were locked he broke the front window on the passenger side of the car, but the flames shot out so that he was unable to remove the victim. A policeman testified the fire department had just extinguished the fire when he arrived, the fire broke out again and was extinguished again, that from the appearance at the scene (debris and glass in the vicinity, burned limb of tree about ten feet off the ground overhead, and the position of the burned automobile about sixty feet south of the burned tree), "there had been a type of explosion." A burned five gallon can was found on the floorboard on the front passenger side. The victim's hand had been severed and was found on top of the burned gasoline can. The death certificate signed by the DeKalb County coroner shows the immediate cause of death was "thermal burns" occurring when "gas can turned over in car w/victim & car burned."

The administrative law judge who heard the claim determined that his death did not arise out of his employment because the "explosion of the can of gasoline was not a circumstance of the deceased's employment." However, upon de novo consideration by the board, the majority of the board determined that the decedent was permitted and encouraged to work at night in attempting to sell insurance, had appointments in Smyrna on the night in question, was found between his home and Smyrna headed in that direction when he was found dead or dying where he could reasonably be expected to be in performing the duties of his employment, and that based on all of the evidence presented "notwithstanding the permissible inference that the fire was caused by explosion of the can of gasoline, a majority of the board does not infer that the explosion of the gasoline can was

the cause of death." The conclusion of law of the majority of the board is that if a person is found dead or dying in a place where he could reasonably be expected to be in the performance of his duties, a natural presumption arises that the death arose out of and in the course of his employment and if the presumption is not rebutted the death is compensable. The majority of the board found that this presumption was not rebutted in this case. The majority of the board cites *General Acc. &c. Ins. Co. v. Sturgis,* 136 Ga. App. 260 (221 SE2d 51).

The superior court affirmed the award of the majority of the board, and under the any evidence rule that judgment should be affirmed. The evidence was ample to support the findings of the board. The fire was of mysterious origin although an inference could be drawn that the fire was caused by an "explosion of the can of gasoline." Nevertheless, the fire could have resulted from some other circumstance, and an explosion or burning of the gasoline could have resulted from the fire. I cannot agree with the majority of this court that the evidence is undisputed and demands a finding that the deceased died by burning caused by an explosion of the gasoline can in the automobile. In view of the fact that one witness testified that he himself broke one of the windows in trying to get the deceased out of the car (creating broken glass), the fire department had extinguished the fire before the police officer arrived (creating other probable broken glass and debris), the police officer's testimony that "there had been a type of explosion" was mere opinion testimony that there had been an explosion. The totality of the evidence simply does not demand a finding that the death of the deceased was "by burning caused by an explosion of the gasoline can. . ."

The board could have inferred the death of the deceased resulted from burning caused by a fire of undetermined origin, or resulted from an explosion of the gasoline can, but other inferences could also be drawn as well. We are here bound by the any evidence rule, and the judgment should be affirmed. See *Hogan v. Travelers Ins. Co.,* 140 Ga. App. 519, 520 (231 SE2d 570).

There is no question that the employee's death arose out of and in the course of his employment because he was

at work at the time of his death, and his death was due to mysterious circumstances. There is a presumption against suicide in this state. See such cases as *Templeton v. Kennesaw Life &c. Ins. Co.,* 216 Ga. 770, 773 (119 SE2d 549); *Belch v. Gulf Life Ins. Co.,* 219 Ga. 823 (1), 825 (136 SE2d 351) and cits. Indeed, there is no evidence that he contemplated committing suicide. While the purchase of the gasoline is a mysterious circumstance and unexplained, the employee was where he was reasonably expected to be. While the employee's death was due to a fire, the cause of the fire is unexplained even if it could be said it was due to an explosion (that is, if the explosion was not due to the fire). The evidence is ample to apply the natural presumption that death arose out of and in the course of his employment as an insurance salesman while he was at work when this fire of mysterious origin resulted causing his death. See in this connection *Continental Cas. Co. v. Adams,* 130 Ga. App. 168 (2), 169-171 (202 SE2d 574); *Standard Acc. Ins. Co. v. Kiker,* 45 Ga. App. 706 (5) (165 SE 850); *Smith v. Liberty Mut. Ins. Co.,* 111 Ga. App. 616, 619 (142 SE2d 459). Compare *Hardware Mut. Cas. Co. v. King,* 104 Ga. App. 252, 254 (121 SE2d 336).

In *General Acc. &c. Ins. Co. v. Sturgis,* 136 Ga. App. 260, supra, this court affirmed the board in finding that where an employee is found dead in a place where he might reasonably be expected to be in the performance of his duties the natural presumption arises that his death arose out of and in the course of his employment and that in such cases he is the only possible witness who could prove the circumstances surrounding his death. Application of that presumption establishes a prima facie case for the claimant that the death arose out of his employment. That case goes on to hold, "[t]he burden then shifted to the employer/carrier to produce evidence to rebut the presumption." The employer/insurer here has only offered evidence of mysterious circumstances surrounding the purchase of a can of gasoline which either exploded causing a fire, or resulting fire of unexplained origin exploded the gasoline, all of which mysterious circumstances are unexplained as to the death of the employee.

I cannot agree that the undisputed evidence demands a finding that the deceased died by burning caused by the explosion of the gasoline can in the automobile. I would affirm the judgment. I therefore respectfully dissent.

I am authorized to state that Presiding Judge Deen joins in this dissent.