## 55336. MARYLAND CASUALTY COMPANY et al. v. LEWIS.

QUILLIAN, Presiding Judge.

Claimant's husband was found dead after a private airplane in which he was flying crashed. At the workmen's compensation hearing, the parties stipulated that the employee's death occurred "in the course of" his employment and the sole issue for determination was whether his death "arose out of" his employment. The administrative law judge denied the claim. However, upon review by the full board, it was found that the claimants are entitled to benefits as provided by law. On appeal to the superior court, the full board's award was affirmed. Appeal to this court followed. *Held:*

When an employee is found dead in a place where he might reasonably have been expected to be in the performance of his duties, it is presumed that the death arose out of his employment. *Standard Acc. Ins. Co. v. Kiker,* 45 Ga. App. 706 (5) (165 SE 850). This presumption establishes a prima facie case for the claimants and imposes a burden upon the employer to produce competent evidence rebutting such presumption. *General Acc. Fire &c. Ins. Co. v. Sturgis,* 136 Ga. App. 260, 264 (221 SE2d 51).

The employer contends that it introduced unimpeached evidence which rebutted the presumption that the employee's death arose out of his employment. Thus, it is argued the finding by the State Board of Workmen's Compensation that the presumption had not been overcome was not supported by the evidence.

Whether the presumption was rebutted is a question of fact. Here, the evidence did not demand a finding that the presumption had been overcome. Therefore, the award of the board was authorized by the evidence. *Hartford Acc. &c. Co. v. Cox,* 101 Ga. App. 789, 795 (115 SE2d 452); *International Paper Co. v. Gilbourn,* 144 Ga. App. 175, 176 (2) (240 SE2d 722).

*Judgment affirmed. Webb and McMurray, JJ., concur.*

ARGUED FEBRUARY 7, 1978 — DECIDED MARCH 10, 1978 —

REHEARING DENIED MARCH 30, 1978 —
CERT. APPLIED FOR.

*Swift, Currie, McGhee & Hiers, Charles L. Drew, John A. Ferguson, Jr.,* for appellants.
*Scheer & Elsner, Robert A. Elsner, Lawrence A. Cooper,* for appellee.