## 56482. ODOM v. TRANSAMERICA INSURANCE GROUP.

QUILLIAN, Presiding Judge.

This is an appeal of a judgment of the superior court which affirmed an award of the State Board of Workers' Compensation (changed from State Board of Workmen's Compensation, Ga. L. 1978, pp. 2220, 2221, effective July 1, 1978) which denied compensation.

The claimant was the son of Harriett Odom who after reporting for work as a maid for the employer's motel was found dead approximately four hours later in one of the motel rooms that she was supposed to clean. *Held:*

The appellant contends that the award of the board was erroneous because the board failed in making its decision to consider the presumption that, where an employee is found dead in a place where he might reasonably have been expected to be in the performance of his duties, it is presumed that the death arose out of his employment.

The appellee contends that the board did not have to consider this presumption because it only arises where the death is unexplained.

This court has completely confused this issue. In *General Accident Fire &c. Ins. Co. v. Sturgis,* 136 Ga. App. 260, 263 (221 SE2d 51), many of these conflicting cases are set forth. "There have been many cases reported in Georgia dealing with this presumption. Without attempting to accept some as precedent and to distinguish or reconcile others (compare, e.g., *Francis v. Liberty Mut. Ins. Co.,* 95 Ga. App. 225 (97 SE2d 553) with *Standard Acc. Ins. Co. v. Kiker,* 45 Ga App. 706 (165 SE 850) (death by gunshot cases); and *Travelers Ins. Co. v. Davis,* 120 Ga. App. 625 (171 SE2d 909) with *Brown Transport Corp. v. Jenkins,* 129 Ga. App. 457 (199 SE2d 910) (heart attack cases), and *Smith v. Liberty Mut. Ins. Co.,* 111 Ga. App. 616, 619 (142 SE2d 459) ('the . . . presumption . . . arises only . . . where death is unexplained') with *Hardware Mut. &c. Co. v. King,* 104 Ga. App. 252, 254 (121 SE2d 336) (the presumption arises only in those cases where 'the cause of death is known') . . ."

However, this court is now bound by and the author

of this opinion is constrained to follow *Hartford Accident &c. Co. v. Trigg,* 144 Ga. App. 74 (240 SE2d 725) which held that the presumption arises only where the death is unexplained. The *Trigg* case is a whole court case which had the effect sub silentio of overruling conflicting cases. The *Trigg* case being a whole court case, anything which was held in *Maryland Casualty Co. v. Lewis,* 145 Ga. App. 468 (243 SE2d 679) which might be in conflict with the *Trigg* case must yield.

In the present case the death was not unexplained. The death certificate was introduced in evidence which stated that death was due to "cerebral vascular accident due to hypertension." Therefore, in this case the presumption did not arise and it was not error for the board to fail to consider this presumption when arriving at its decision.

*Judgment affirmed. Webb, J., concurs. McMurray, J., concurs in the judgment only.*

ARGUED SEPTEMBER 6, 1978 — DECIDED OCTOBER 25, 1978 — REHEARING DENIED NOVEMBER 20, 1978 — 

*Ivey & Associates, O. Torbitt Ivey, Jr.,* for appellant.
*Neely, Neely & Player, Andrew J. Hamilton,* for appellee.