63300. ZAMORA v. COFFEE GENERAL HOSPITAL et al.

CARLEY, Judge.

Appellant-claimant in this workers' compensation case is the widow of Mario A. Zamora, who was employed by appellee-Coffee General Hospital as a maintenance engineer at the time of his death. Mr. Zamora reported to work at 10:00 a.m. on March 16, 1980. At approximately 12:30 a.m. on March 17, 1980, his body was discovered in the office where he normally performed his duties. Mr. Zamora had been strangled and his death was listed as a homicide. While Zamora had been robbed, the evidence did not show that anything belonging to the appellee had been taken. There was no evidence that anyone has been charged with Zamora's murder.

Appellant filed a claim for worker's compensation and a hearing was conducted. The administrative law judge found that "[t]he evidence affords no reasonable explanation of why [Mr. Zamora] was murdered." The administrative law judge made an award to appellant, relying upon the "unrebutted" presumption that an employee's death arose "out of and in the course of his employment" if he is found dead in a place where he may reasonably be expected to be in the performance of his employment and the death is unexplained. See generally *General Acc. Fire &c. Ins. Co. v. Sturgis,* 136 Ga. App. 260 (221 SE2d 51) (1975).

The Full Board conducted a review of the award and, after a de novo consideration of all the evidence and with one dissent, made the findings and conclusions of the administrative law judge its findings and conclusions, "except as inconsistent with the following: . . . [Appellees] have not rebutted the presumption that [Mr. Zamora's] death arose out of and in the course of his employment because they have failed to establish a noncompensable reason for his death. *International Paper Co. v. Gilbourn,* 144 Ga. App. 175 (240 SE2d 722) (1977)."

Appellees appealed this award to the superior court. After conducting a hearing, the superior court entered an order reciting the following undisputed facts: "3. Zamora, not the hospital, was robbed by the attacker. The only items taken were Zamora's wallet, his motorcycle helmet, his keys, his .38 caliber pistol and his motorcycle. The motorcycle was subsequently recovered. 4. The attacker did not take any hospital property. Although valuable hospital property was

present at the scene of the crime. 5. There was circumstantial evidence that Zamora feared for his life as evidenced by the fact that he had two guns, a .25 automatic pistol strapped to his leg and a .38 handgun that he kept. 6. There was evidence that Zamora was involved in a love affair with a married woman. Zamora's domestic difficulties had resulted in four prior marriages. He had served as an officer in General [Batista's] army in Cuba. 7. Zamora's position at the hospital exposed him to no personal danger. He was a maintenance man who was required to perform no security functions at the hospital. He was not required by his employment to carry weapons on his person. 8. There was no evidence that Coffee General Hospital was licensed at the time of Zamora's death to have dangerous or psychotic patients. There was no psychiatric patients in the hospital at the time. 9. Upon consideration of all the circumstances, this Court finds there was no causal connection between conditions under which work was required to be performed and the decedent's death." Based upon the foregoing, the superior court reversed and remanded the case to the Full Board for the following reasons: "1. There was evidence, even though circumstantial, that Zamora's death resulted from private causes other than employment-related. Accordingly, a finding that the evidence afforded no reasonable explanation of privately motivated murder was error. *Miller v. Travelers Ins. Co.,* 111 Ga. App. 245, 248 (141 SE2d 223) (1965). 2. The presumption of compensability for unexplained death does not apply where there is any evidence, even circumstantial evidence, to explain the death. *Hartford Accident & Indem. Co. v. Trigg,* 144 Ga. App. 74 (240 SE2d 725) (1977); *Odom v. Transamerica Ins. Group,* 148 Ga. App. 156 (251 SE2d 48) (1978). Because there was circumstantial evidence to explain this death the presumption did not arise in this case. Accordingly, the full board's use of the presumption contravened the rules of evidence and should be reversed. Code Ann. § 114-707 (e)(1). 3. On remand the full board should examine all the evidence on the basis of the present record. There is circumstantial evidence that the death of Mr. Zamora was privately motivated. If the same evidence is again presented to the board the presumption of compensability in unexplained deaths shall not arise. *Hartford Accident & Indem. Co. v. Trigg,* supra, 144 Ga. App. at 76; *Odom v. Transamerica,* supra, 148 Ga. App. at 157."

Pursuant to Code Ann. § 6-701.1 (a) (1) appellant applied to this Court for a discretionary appeal from the superior court's order. Appellant's application was granted in order that we might once again address an issue which, in the words of *Odom,* 148 Ga. App. 156, supra, "[t]his court has completely confused . . ."

" 'The burden of proof in a [workers'] compensation case is upon

the claimant to show that the employee suffered an accidental injury which *arose out of and in the course of his employment*. [Cits.]" [Cit.] The [claimant] is aided in his burden by the well-established presumption . . . that when an employee is found dead in a place where he might reasonably have been expected to be in the performance of his duties, it is presumed that the death arose out of his employment. [Cits.]' [Cit.]" *International Paper Co. v. Gilbourn,* 144 Ga. App. 175, 176, supra. In *Hartford Accident & Indem. Co. v. Trigg,* 144 Ga. App. at 76, supra, it was held that this presumption "arises only where death is unexplained. [Cit.]" Subsequently, in *Odom,* 148 Ga. App. at 157, supra, after noting the rather tortured appellate history of the presumption, *Trigg* was interpreted as having "the effect sub silentio of overruling conflicting cases." "[T]his court is now bound by and . . . constrained to follow [*Trigg,* supra.] which held that the presumption arises only where the death is unexplained." *Odom,* 148 Ga. App. at 156-157, supra.

We note at the outset that neither *Trigg* nor *Odom* stand for the proposition that the presumption arises only in a case in which the immediate *cause of death* is unexplained. If that were the rule, in view of modern forensic medical techniques, there would be no viability whatsoever to the "well established" presumption. This would be true because there are very few cases in which the immediate cause of death cannot be determined to at least some degree of medical and legal exactitude. What *Trigg* and *Odom* do establish is that the presumption arises only where the *death* itself is unexplained. To take the instant case as but one example, the immediate cause of Mr. Zamora's death is not "unexplained" because it is clear beyond dispute that he was strangled. But this explanation of the immediate cause of Mr. Zamora's death would not, in our opinion, be a sufficient "explanation" of his *death* to prevent from arising a presumption, the justification for which "is that 'when the death itself has removed the only possible witness who could prove causal connection, fairness to the dependents suggests some softening of the rule requiring claimant to provide affirmative proof of each requisite element of compensability.' [Cit.]" *General Acc. Fire &c. Ins. Co. v. Sturgis,* 136 Ga. App. 260, 264, supra. Mr. Zamora's death could be the result of homicide and yet be compensable under our workers' compensation statute. " 'It is now well settled that the fact that the injury is the result of the wilful or criminal assault of a third person does not prevent the injury from being accidental within the meaning of the [Workers'] Compensation Acts.' [Cit.]" *Hartford Accident & Indem. Co. v. Cox,* 101 Ga. App. 789, 793 (115 SE2d 452) (1960). See also *Pinkerton Nat. Detective Agency v. Walker,* 157 Ga. 548 (122 SE 202) (1923).

As noted above, the presumption is relied upon where applicable to establish that the death "arose out of the employment" of the deceased. "The words 'arising out of' mean that there must be some causal connection between the conditions under which the employee worked and the injury which he received. The causative danger must be incidental to the character of the employment, and not independent of the relation of master and servant. The accident must be one resulting from a risk reasonably incident to the employment." *Thornton v. Hartford Accident &c. Co.,* 198 Ga. 786, 792 (32 SE2d 816) (1945).

What *Trigg* and *Odom* establish is the rule that the presumption is viable only where, under the evidence, the precipitating rather than immediate causative factor in the death is unexplained. In *Trigg* the precipitating causative factor in the deceased's death by fire was the explosion of a gasoline can in his automobile. In *Odom* it was hypertension which was the precipitating causative factor in the fatal stroke. It is readily seen that when the precipitating causative factor in a death is known and explained, whether the death "arose out of" the deceased's employment is capable of then being shown by objective proof and the justification for the claimant's reliance upon the presumption to meet his burden in this regard is no longer present in the case. Thus, once it is known and explained that the precipitating causative factor in the deceased's death is an exploding gas can, whether or not that "causative danger" was incidental to his employment can and should be demonstrated by evidence that such a danger was in fact "reasonably" incidental to the conditions under which employment pursued. When the precipitating causative factor and the nature of the employment are both known, whether the former is "a risk reasonably incident" to the latter is capable of being proved objectively. The same rule attaches where the immediate cause of death arises from internal and physical rather than external and non-physical factors. Where the precipitating causative factor of a stroke is known and explained as hypertension, the claimant is not entitled to rely upon the presumption that the stroke "arose out of" the deceased's employment but must submit probative evidence on the issue of the causal connection between the stroke and the employment. Cf. *Lumbermen's Mut. Cas. Co. v. Griggs,* 190 Ga. 277 (9 SE2d 84) (1940). Accordingly, the rule is that where the evidence demonstrates that the precipitating causative factor of a death is known and explained, neither the claimant, the administrative law judge nor the Full Board is authorized to rely upon the presumption that the death "arose out of the employment." Compare *International Paper Co. v. Gilbourn,* 144 Ga. App. 175, supra. To authorize an award where the precipitating causative factor of the

death is known and explained, the fact finder's finding that the death "arose out of the employment" must be supported by evidence that there was "some causal connection between the conditions under which the employee worked" and the death.

Thus, the issue for resolution is whether the presumption that Mr. Zamora's undisputed homicide "arose out of his employment" was unavailable to the claimant in the instant case because, under the evidence, the precipitating causative factor in his death was known and explained. The administrative law judge and the Full Board found, in essence, that the precipitating causative factor was not known or explained, that Mr. Zamora's murder was thus unexplained and that the presumption could therefore be relied upon. The superior court disagreed, "found" that the murder was sufficiently "explained" as being personally motivated rather than employment-related and that the presumption was erroneously utilized.

In disallowing the use of the presumption in this case, the superior court erred. The so-called "circumstantial evidence" that Mr. Zamora was murdered for purely personal rather than employment reasons was not sufficient to prevent the presumption from arising and being relied upon by appellant and the finders of fact. The "circumstantial evidence" showed only that the murder *might have been* personally motivated but it in no way explained or showed that the murder *was,* to the exclusion of an employment-related connection, so motivated. As we understand the applicable law, such "circumstantial evidence" would not overcome the otherwise applicable presumption. Evidence which would only authorize an inference that the death *might not* have been employment-related is not a sufficient "explanation" of the death to overcome the presumption that it was employment-related. "[A]n inference that the employee was killed for reasons personal to such employee . . . is true in every case where an employee is found dead where he might reasonably be expected in the performance of his duties and there is evidence of an assault . . . A mere inference is not sufficient to overcome the presumption but competent evidence must be adduced at the hearing to overcome it which is contrary or irreconcilable with it. [Cit.]" *Hartford Accident &c. Co. v. Cox,* 101 Ga. App. 789, 794-795; supra. "Evidence which merely tends to negate what is the suspected cause of an unexplained death [and] which does not *affirmatively establish an alternate noncompensable explanation* for the injury does not rebut the general presumption. [Cits.]" (Emphasis supplied.) *International Paper Co. v. Gilbourn,* 144 Ga. App. 175, 177, supra. The circumstantial evidence in the instant case does not affirmatively establish an alternate non-

compensable explanation for Mr. Zamora's death. It merely suggests several noncompensable possibilities, no one of which is shown as *the* explanation for the murder.

"[E]vidence must be introduced to show that the death *did not* arise out of the employment to overcome the presumption." (Emphasis supplied.) *Hartford Accident &c. Co. v. Cox,* 101 Ga. App. 789, 794, supra. Unlike the objective findings of the precipitating causative factor in the deaths in *Trigg* and *Odom,* the evidence in the instant case that Mr. Zamora had enemies and therefore *might* have been killed by someone without an employment-related motive is not contrary to or irreconcilable with the presumption that his death *did* "arise out of his employment." The simple fact is that even when the "circumstantial evidence" surrounding Mr. Zamora's death is considered, "[w]hether any claimed assault was personal to the employee, in which event compensation would be denied, or involved some facet connected with the deceased's employment, in which event compensation would be allowed, is a matter of conjecture because no persuasive evidence was adduced at the hearing to *substantiate* either condition." (Emphasis supplied.) *Hartford Accident &c. Co. v. Cox,* 101 Ga. App. at 793, supra. Mr. Zamora's murder was not "explained" within the holding of *Trigg* or *Odom.* Compare *Hightower v. U. S. Cas. Co.,* 30 Ga. App. 123 (117 SE 98) (1923). Accordingly the trial court erred in reversing and remanding the case to the Full Board on the ground that the presumption did not arise under the evidence in the instant case and could not be relied upon as the basis for an award to appellant.

*Judgment reversed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED APRIL 9, 1982.

*Lee R. Williams,* for appellant.
*Oliver B. Dickens, Jr., Jack F. Peace,* for appellees.