### 64446. CHATTOOGA COUNTY et al. v. BRUCE.

QUILLIAN, Chief Judge.

We granted an application for a discretionary appeal (see Code Ann. § 6-701.1 (Ga. L. 1979, pp. 619, 620)) in order to review the action of the trial court in remanding this case to the Board of Workers' Compensation.

The claimant, an officer of the Chattooga County Sheriff's Department, filed a claim for workers' compensation benefits alleging that he sustained compensable injuries to his left knee and left shoulder while making an arrest on August 24, 1980. The administrative law judge (ALJ) awarded compensation benefits but on de novo review the full board denied compensation on the grounds: "a. Assuming claimant's left knee and shoulder dislocated on August 24, 1980, the incident occurred as a result of a prior knee and shoulder injury and was not related to his employment with the Chattooga County Sheriff's Department. b. Claimant's surgery in November was semi-elective and did not result from an injury arising out of and in the course of employment with the Chattooga County Sheriff's Department."

In his order remanding to the board the trial judge held: "Upon consideration of all the evidence and exhibits there is no evidence in

the record that would authorize the Board to find that an accidental injury did not occur on August 24, 1980 as a result of and in the course of Employee's employment as a Deputy Sheriff of Chattooga County, Georgia, and the Board acted on an erroneous theory of law and in excess of their powers . . ." *Held:*

"Whether the accident resulted in injury and whether it arose out of and in the course of employment are both questions of fact . . ." *Home Indem. Co. v. Googe,* 45 Ga. App. 302, 303 (164 SE 479). "Under numerous decisions of this court, an award of the Workmen's Compensation Board will not be disturbed where there is any evidence to support it. The weight and credit to be given the testimony of the witnesses, and the conflicts in the evidence, are matters for determination by the board . . ." *Wilson v. Aragon Mills,* 110 Ga. App. 392, 393 (138 SE2d 596). Accord, *Argonaut Ins. Co. v. Cline,* 142 Ga. App. 603 (236 SE2d 876); *Poole v. Ins. Co. of N. A.,* 143 Ga. App. 623 (239 SE2d 191). "The findings and conclusions of the full board supersede those of the administrative law judge (*Liberty Mut. Ins. Co. v. Williams,* 129 Ga. App. 354 (3) (199 SE2d 673)), and we are required under the 'any evidence' rule to uphold those findings and conclusions . . ." *Carter v. Kansas City Fire &c. Co.,* 138 Ga. App. 601, 604 (226 SE2d 755).

We have examined the record and find that there was some evidence which sustains the finding by the board. Therefore, the trial court erred in remanding the case to the board.

*Judgment reversed. Shulman, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 13, 1982.

*John M. Williams, Benjamin H. Terry,* for appellants.
*William Jerry Westbrook,* for appellee.