Arthur HALL, Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO; State Compensation Insurance Authority, and Mesa Fiberglass Products, Respondents.

No. 87CA1345.

Colorado Court of Appeals,
Div. III.

June 2, 1988.

Rea, Cross & Auchincloss, William E. Kenworthy, Washington, D.C., for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Michael J. Steiner, Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office.

Russell A. Stanley, Denver, for respondents State Compensation Ins. Authority and Mesa Fiberglass Products.

METZGER, Judge.

Arthur Hall (claimant) seeks review of a final order of the Industrial Claim Appeals Office (Panel) which affirmed the hearing officer's dismissal of claimant's occupational disease claim. We set aside the order and remand with directions.

Claimant filed a claim for total disability caused by occupational lung disease. He alleged that his employment in a fiberglass manufacturing plant caused his restrictive lung disease condition.

Two experts testified concerning the issue of causation. One physician testified that claimant's lung disease was caused by a combination of exposure to multiple respiratory irritants during his employment and to long-term cigarette smoking. Another physician testified that claimant was not suffering from any permanent pulmonary impairment or disability either caused by or aggravated by his employment. He further opined that claimant possibly suffers some mild impairment because of heavy cigarette smoking, but that any employment-related aggravation of this condition was temporary.

The hearing officer concluded that claimant had failed to prove that his employment caused an occupational disease. This conclusion was based, in part, on the finding that neither physician had opined that claimant's exposure to respiratory irritants at work caused his restrictive lung disease. The hearing officer also found "no evidence" that the restrictive lung diseases of bronchitis and emphysema were caused by or aggravated by claimant's employment.

On review to the Industrial Claims Appeals Office, claimant challenged the hearing officer's finding that there was no evidence showing that his lung disease was caused or aggravated by his employment. Claimant asserted that the first physician's testimony established some evidence of causation. The Panel rejected this contention, concluding that it was apparent from the order as a whole that the hearing officer found the first physician's opinion not to be credible.

■ On review, claimant argues that the Panel's conclusion is erroneous, asserting that it erred in equating a finding of "no evidence" to a finding of "no credibility." We agree.

The orderly functioning of judicial review requires that the grounds upon which an administrative agency acts be clearly disclosed and adequately sustained. *deKoevend v. Board of Education,* 688 P.2d 219 (Colo.1984). While a hearing officer is free to accept or reject evidence based on credibility, he or she must articulate that conclusion. *See Duncan v. Harris,* 518 F.Supp. 751 (E.D.Ark.1980). There is a clear distinction between the terms "no evidence" and "no credible evidence." *See deKoevend v. Board of Education, supra.* See *generally* 3 A. Larson, *Workmen's Compensation Law* § 80.25 (1983).

The hearing officer's opinion made no mention of the credibility of the first physician's testimony. Rather, it only noted that the record contained no evidence concerning causation or aggravation. That brief comment cannot be transformed into a credibility finding. As *Larson, supra,* notes:

"[T]he flaw is that the record does not show that the conflicting evidence was weighed—it might have been overlooked, or disbelieved, or discounted, or even rejected as incompetent for legally wrong reasons. On such a record, the appellate court plainly cannot discharge even its limited review function."

*See also Cook v. Georgia Department of Revenue,* 100 Ga.App. 172, 110 S.E.2d 552 (1959).

We agree with claimant that the record fails to support the finding that there was no evidence of causation. Thus, the Panel should have set the order aside and remanded the cause for additional findings. *See* § 8–53–111(7), C.R.S. (1987 Cum. Supp.).

■ We also agree with claimant's second argument, that an erroneous legal standard may have been applied in assessing the evidence. In concluding that causation had not been proved, the hearing officer found:

"[The first physician] opined only that Claimant's lung disease was due to numerous causes, including cigarette smoke and irritant exposure."

As claimant points out, this finding appears to presuppose that it was claimant's burden to prove that his employment was the sole cause of his lung disease. This, however, is not the correct standard.

Section 8–41–108(3), C.R.S. (1986 Repl. Vol. 3B) defines occupational disease as:

"[A] disease which results directly from the employment or the conditions under which work was performed, which can be seen to have followed as a natural incident of the work and as a result of the exposure occasioned by the nature of the employment, and *which can be fairly traced to the employment as a proximate cause and which does not come from a hazard to which the worker would have been equally exposed outside the employment.*" (emphasis added)

Therefore, the fact of a preexisting hypersensitivity or secondary cause does not defeat a claim for occupational disease unless it can be shown that a non-industrial cause was an equally exposing stimulus. *See Jefferson County Schools v. Headrick,* 734 P.2d 659 (Colo.App.1986); *Denver v. Hansen,* 650 P.2d 1319 (Colo.App.1982). *See also* § 8–51–112(1), C.R.S. (1986 Repl. Vol. 3B) (two or more industrial exposures to hazards of occupational disease result in liability of employer where *last* exposure occurred).

Since the industrial exposure to irritants need not be the only factor which contributed to claimant's lung disease, the hearing officer must determine whether claimant's smoking was an equally-exposing stimulus to any disability. In this respect, we note that the second physician opined that cigarette smoking is a cause of obstructive lung disease, but that it is not a cause of the restrictive lung disease from which claimant suffers.

The order is set aside and the cause is remanded to the Panel for further remand for resolution of the necessary issues of this claim.

STERNBERG and HUME, JJ., concur.