Donald E. ANDERSON, Petitioner,

v.

David W. BRINKHOFF, Colorado Compensation Insurance Authority, and The Industrial Claim Appeals Office of the State of Colorado, Respondents.

No. 91CA0991.

Colorado Court of Appeals,
Div. C.

March 12, 1992.

Rehearing Denied April 9, 1992.

Certiorari Granted Oct. 13, 1992.

Steven U. Mullens, P.C., Steven U. Mullens, Colorado Springs, Ralph Ogden, Denver, for petitioner.

Paul Tochtrop, Carolyn A. Boyd, Denver, for respondents David W. Brinkhoff and Colorado Compensation Ins. Authority.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Jill M.M. Gallet, Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office.

Opinion by Judge VAN CISE.*

Donald E. Anderson (claimant) petitions for review of a final order of the Industrial Claim Appeals Panel denying and dismissing his claim for workers' compensation benefits. We affirm.

Claimant worked for David W. Brinkhoff (employer) as a carpenter during the latter half of 1988. Previously, in March 1987, claimant was diagnosed with alpha–1 antitrypsin deficiency, a hereditary condition which causes destruction of the lungs and related heart problems. As a result, claimant developed a severe case of emphysema.

While working for various employers from 1974 through 1988, claimant was exposed to carpentry dust, and, for four years during the early 1980's, he smoked cigarettes. The Administrative Law Judge (ALJ) relied on the testimony of one of claimant's physicians in determining that claimant's smoking and occupational dust exposure were co-equal aggravating factors in the acceleration of his emphysema.

Citing *Masdin v. Gardner–Denver–Cooper Industries, Inc.*, 689 P.2d 714 (Colo. App.1984), the ALJ concluded that claimant had sustained an occupational disease, but that only 50% of the disease was caused by his occupational exposure. Thus, the ALJ awarded claimant 50% of the applicable medical and temporary total disability benefits. The Panel reversed, finding that the portion of the disease found to be attributable to claimant's employment is not compensable because an occupational disease, by definition, cannot occur if a claimant was equally exposed to a non-occupational hazard.

Claimant contends that the Panel erred in denying his claim for benefits. We disagree.

An "occupational disease" is defined as:

a disease which results directly from the employment or conditions under which work was performed, which can be seen to have followed as a natural incident of the work and as a result of the exposure occasioned by the nature of the employment, and which can be fairly traced to the employment as a proximate cause and *which does not come from a hazard to which the worker would have been equally exposed outside of the employment.*

Section 8–41–108(3), C.R.S. (1986 Repl.Vol. 3B) (emphasis added) (now codified at § 8–40–201(14), C.R.S. (1991 Cum.Supp.)).

■ Therefore, a claim must be denied if a non-industrial cause is an equally exposing stimulus even if a pre-existing condition exists. *See Hall v. Industrial Claim Appeals Office*, 757 P.2d 1132 (Colo.App. 1988).

In *Masdin, supra*, we held that if "there is no evidence that occupational exposure is a necessary precondition to development of the disease with which a claimant is afflicted then the claimant has sustained an occupational disease only to the extent that occupational conditions have contributed to the claimant's overall disability." We agree with the Panel that *Masdin* must be reconciled with the statutory provision requiring compensation for an occupational disease only when the disease does not result from a hazard to which a claimant has been equally exposed outside of the employment. Thus, when there is equal exposure to hazards from employment and

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

outside employment, a disease is not compensable.

 Accordingly, we agree with the Panel that the portion of the disease which the ALJ found to be attributable to claimant's occupational exposure is not compensable. Since the ALJ found, based on the testimony of claimant's physician, that claimant's disease was aggravated co-equally by smoking and occupational dust, compensation for the occupational portion is not appropriate. To hold otherwise would ignore the clear definitional requirement of § 8–41–108(3).

Our disposition of this issue obviates the need to address claimant's additional contentions that the ALJ erred in apportioning benefits and improperly calculated claimant's average weekly wage.

Order affirmed.

PIERCE and SMITH, JJ., concur.

