A94A1482. PUBLISHERS CIRCULATION FULFILLMENT, INC. et al. v. BAILEY.
(449 SE2d 645)

RUFFIN, Judge.

Pursuant to the grant of a discretionary appeal under OCGA § 5-6-35 (a), Publishers Circulation Fulfillment, Inc. appeals the superior court's affirmance of an award of death benefits by the State Board of Workers' Compensation to the widow and minor children of Nelson E. Bailey, Jr. Bailey was employed as the appellant's customer service manager at the time of his death from acute carbon monoxide intoxication.

Following a hearing, the administrative law judge ("ALJ") found that, as the appellant's customer service manager, Bailey was responsible for ensuring the proper delivery of the New York Times to its subscribers. He supervised 30 different routes, was called upon personally to deliver the papers when a delivery person was absent, and frequently worked seven days a week. Bailey's job required him to be on call by beeper, to stay beyond shift periods until work was completed, and to have a car available to make deliveries whenever necessary. Six minutes after his night shift began one evening, Bailey was found unconscious in the front seat of his car with the engine run-

ning, inside the employer's closed warehouse. He was transported to a hospital where he died the following day. The ALJ found that Bailey frequently slept in his car, inside the warehouse with the engine running. The ALJ further found that while the immediate cause of death (acute carbon monoxide intoxication) was known, the precipitating cause of death (suicide or accident) was unknown. Accordingly, relying on *Zamora v. Coffee Gen. Hosp.*, 162 Ga. App. 82, 84-85 (290 SE2d 192) (1982), the ALJ applied the presumption of compensability in cases of unexplained death and concluded that Bailey died as a result of an accident that arose out of and in the course of his employment and that the evidence presented by the employer failed to rebut the presumption.

Appellant contends the ALJ incorrectly applied the presumption of compensability because when he was discovered, Bailey was not in a place where he was reasonably expected to be in the performance of his duties. Appellant also maintains the ALJ improperly found that Bailey's death arose out of his employment.

Upon appeal from an award of the board granting compensation, evidence will be construed in a light most favorable to the party prevailing before the board; every presumption in favor of validity of the award should be indulged in by the reviewing court; neither the superior court nor this court has any authority to substitute itself as a factfinding body in lieu of the board; and weight and credit to be given witness testimony and conflicts in evidence are for the board's exclusive determination. *Howard Sheppard v. McGowan*, 137 Ga. App. 408, 410 (2-5) (224 SE2d 65) (1976).

"The burden of proof in a workers' compensation case is upon the claimant to show that the employee suffered an accidental injury which arose out of and in the course of his employment. The claimant is aided in his burden by the well-established presumption that when an employee is found dead in a place where he might reasonably have been expected to be in the performance of his duties, it is presumed that the death arose out of his employment." (Citations and punctuation omitted.) *Zamora*, supra at 83-84. However, "the presumption is viable only where, under the evidence, the precipitating rather than the immediate causative factor in the death is unexplained." Id. at 85. "[W]here the evidence demonstrates that the precipitating causative factor of a death is known and explained, neither the claimant, the administrative law judge nor the Full Board is authorized to rely upon the presumption that the death 'arose out of the employment.' [Cit.]" Id.

Bailey was found unconscious in his running automobile approximately six minutes after his 10:00 p.m. work shift commenced. He was supposed to be in the warehouse at that time in the course of his employment. The warehouse doors were shut, the driver's seat was

reclined, the driver's door was open, and Bailey had one foot on the floor. Bailey worked long hours, 16 and 20 hour days. At times Bailey slept at the workplace. The record reveals that in the week before his death, Bailey was chronically fatigued. He had chronic diarrhea off and on for two weeks, had vomited on Monday and Tuesday of the week and had been denied his day off. On Wednesday and Thursday, Bailey felt a little better; then he was sick again on Thursday and Friday, December 13, the last day he reported for work. Friday morning, Bailey returned home at about 5:30 a.m.; he looked "terrible." He was very gray in the face, shaking, and very chilled; his wife had to unlock the door to let him in the house. Bailey sat down on the sofa and then went to the bathroom and vomited. Bailey returned to work without eating any breakfast. Later his wife called him, and he said he was feeling better and that they would take a trip to Arkansas the following day as planned. At least one fellow employee saw Bailey at the warehouse in the morning and observed that he appeared ill.

Viewing the evidence in favor of the party who prevailed before the board, we agree that Bailey was found in a place where he might reasonably be expected to be in the performance of his work. It is undisputed that the immediate cause of death was carbon monoxide intoxication. However, appellant contends the precipitating cause of Bailey's death is also known, since Bailey's death resulted from his own act of parking his car in an enclosed garage with the motor running. Thus, the ALJ erred in applying the presumption of compensability.

However, there exists no affirmative proof in the record that Bailey, as a matter of law, parked his car, parked in the enclosed garage or left the engine running. Such conclusions can be reached only by drawing inferences from certain circumstantial evidence in the record in such a manner as to favor the appellant, who did not prevail before the board. While the board had the statutory authority to engage in such factfinding, this court on appeal is bound to construe the evidence in a light most favorable to the party prevailing before the board and must draw all reasonable inferences and indulge in those presumptions which favor supporting the award. *McGowan*, supra. Moreover, " '[a] mere inference is not sufficient to overcome the presumption but competent evidence must be adduced at the hearing to overcome it which is contrary or irreconcilable with it. [Cit.]' . . . '(E)vidence must be introduced to show that the death *did not* arise out of the employment to overcome the presumption.' [Cit.]" (Indention omitted.) *Zamora*, supra at 86-87.

The factfinder in this case determined, after weighing the evidence and judging witness credibility, that the presumption of compensability should be applied. Inherent in this determination is the finding that the weight of the existing credible evidence did not af-

firmatively establish an alternate noncompensable explanation for Bailey's death within the meaning of *Zamora*. We agree. As in *Zamora*, "[t]he circumstantial evidence in the instant case does not affirmatively establish an alternate noncompensable explanation for [Bailey's] death. It merely suggests several noncompensable possibilities, no one of which is shown as *the* explanation for [Bailey's death]." Id. at 86-87.

"A liberal construction must be given to effectuate the humane purposes for which the Workers' Compensation Act was enacted." (Citations and punctuation omitted.) *Travelers Ins. Co. v. Southern Elec.*, 209 Ga. App. 718, 719 (1) (434 SE2d 507) (1993). Accordingly, the superior court did not err in affirming the award of the full board.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 21, 1994 —
RECONSIDERATION DENIED NOVEMBER 4, 1994 —

*Gardner, Willis, Sweat & Goldsmith, Todd S. Handelman,* for appellants.

*Swift, Currie, McGhee & Hiers, Robert R. Potter, Melodie L. Belcher,* for appellee.

